DECISION AND JUDGMENT ENTRY
{¶ 1} Antwione Littlefield appeals the Ross County Court of Common Pleas' decision to deny his presentence motion to withdraw his guilty plea. Littlefield asserts that the trial court abused its discretion when it denied the motion absent evidence of prejudice to the state's case and despite evidence that he had a complete defense to the charge. We disagree. The trial court did not abuse its discretion by finding that no reasonable and legitimate basis existed for permitting a withdrawal of the plea. Accordingly, we affirm the judgment of the trial court.
 I. {¶ 2} On August 9, 2002, a Ross County Grand Jury indicted Littlefield on one count of possessing crack cocaine in violation of R.C. 2925.11. Littlefield pled not guilty to the charge, but later changed his plea to guilty in exchange for the state remaining silent as to punishment at sentencing. On September 17, 2003, the trial court held a disposition hearing. At that time, Littlefield indicated that he wished to withdraw his guilty plea. The trial court allowed Littlefield to file a motion on the withdrawal request and held a hearing on the motion on October 23, 2003.
 {¶ 3} At the hearing, the state objected to the withdrawal of the guilty plea on the basis that Littlefield's motion lacked any change in circumstance to create a reasonable and legitimate basis for granting the motion. Littlefield argued that the trial court should grant the motion because he has a complete defense to the charge. Littlefield also asserted that he only pled guilty because he understood that he would be released on his own recognizance after he entered the plea and before sentencing.
 {¶ 4} The trial court denied Littlefield's motion and sentenced him to prison for seventeen months with three years post-release control, and suspended his driver's license for three years. In its judgment entry, the trial court stated: (1) that Littlefield and his attorney were aware of the possibility of a complete defense to the charge at the Crim.R. 11 hearing; (2) that the trial court advised Littlefield at the Crim.R. 11 hearing that entering a plea of guilty barred him from raising any defenses to the charge; and (3) that Littlefield understood the consequences of entering a guilty plea. The trial court also found that Littlefield's claim that he only entered the guilty plea in order to gain release on his own recognizance was not a reasonable basis for granting the motion. The trial court stated that Littlefield never stated such a reason during the change of plea hearing.
 {¶ 5} Littlefield appeals and asserts the following assignment of error: "The trial court abused its discretion when the trial court denied Mr. Littlefield's presentence motion to withdraw his previously entered guilty plea."
 II. {¶ 6} Littlefield contends that the trial court erred in denying his motion because the state would not have been prejudiced, and because he had a complete defense to the charge. Littlefield asserts that when a plea withdrawal results in no prejudice to the state, the trial court must grant the motion. In addition, Littlefield argues that the trial court abused its discretion by arbitrarily denying his motion to withdraw on the basis that he knew of the possible complete defense to the charge at the time he entered the guilty plea.
 {¶ 7} It is within the sound discretion of the trial court to grant or deny a motion to withdraw a guilty plea. State v. Xie
(1992), 62 Ohio St.3d 521, paragraph two of the syllabus. We will not reverse a trial court's decision to deny a motion to withdraw a guilty plea absent an abuse of discretion. Id. at 527, citingState v. Adams (1980), 62 Ohio St.2d 151, 157. An abuse of discretion connotes more than an error of judgment; it implies that the trial court's attitude was arbitrary, unreasonable, or unconscionable. Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 219. In applying the abuse of discretion standard of review, we are not free to merely substitute our judgment for that of the trial court. In re Jane Doe I (1991), 57 Ohio St.3d 135,137-138, citing Berk v. Matthews (1990), 53 Ohio St.3d 161,169.
¶ 8} Crim.R. 32.1 states: "A motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea." The Ohio Supreme Court has ruled that a trial court should "freely and liberally grant" a presentence motion to withdraw a guilty plea. Xie at 527. However, "[a] defendant does not have an absolute right to withdraw a guilty plea prior to sentencing." Id. at paragraph one of the syllabus. Instead, the trial court "must conduct a hearing to determine whether there is a reasonable and legitimate basis for the withdrawal of the plea." Id. (Emphasis added.)
 {¶ 9} In reviewing whether the trial court abused its discretion, we apply the following factors: "(1) whether the accused was represented by highly competent counsel; (2) whether the accused was given a full Crim.R. 11 hearing before entering the plea; (3) whether a full hearing was held on the withdrawal motion; and (4) whether the trial court gave full and fair consideration to the motion." State v. McNeil (2001),146 Ohio App.3d 173, 176, citing State v. Peterseim (1980),68 Ohio App.2d 211, 214. In addition, the following factors may influence our analysis: "(1) whether the motion was made within a reasonable time; (2) whether the motion set out specific reasons for the withdrawal; (3) whether the accused understood the nature of the charges and the possible penalties; and (4) whether the accused was perhaps not guilty or had a complete defense to the charges." McNeil, citing State v. Fish (1995),104 Ohio App.3d 236, 240. A change of heart or mistaken belief about his guilty plea is not a reasonable basis requiring a trial court to permit the defendant to withdraw his guilty plea. State v.Lambros (1988), 44 Ohio App.3d 102, 103.
 {¶ 10} Here, Littlefield claims that the trial court failed to give full and fair consideration to his motion by not ruling in his favor when he had a complete defense to the charge and no evidence existed that the state would be prejudiced if the court granted the motion. We note that the record before our court does not include a transcript of the Crim.R. 11 hearing or of the hearing on the motion to withdraw the guilty plea. In the absence of these transcripts, we presume the validity of the trial court's proceedings. Knapp v. Edwards Laboratories (1980),61 Ohio St.2d 197, 1999. We also note that the limited record before this court does not expressly indicate what Littlefield intends to rely on as a complete defense to the charge of possessing crack cocaine. Littlefield's appellate brief vaguely mentions a defense based on due process of law and Littlefield's constitutional right to a speedy trial, but elaborates no further. The transcripts from the arraignment and disposition hearing also only vaguely mention the particulars of the defense. However, the trial court's judgment entry indicates that Littlefield argued the particulars of the claimed defense at hearing on his motion to withdraw the guilty plea.
 {¶ 11} According to the record before us, Littlefield was aware of the possible complete defense at the time he pled guilty. The trial court's judgment entry indicates that it questioned Littlefield in accordance with the Crim.R. 11 mandates at the time he pled guilty and found that Littlefield voluntarily, knowingly, and intelligently entered his plea. At the Crim.R. 11 hearing, the court explained to Littlefield that pleading guilty barred his right to raise any possible defenses to the charge. Littlefield indicated to the court that he understood and the court found the same. In its judgment entry from the hearing on the withdrawal motion, the trial court stated that Littlefield lacked a reasonable basis to change his plea because he understood at the time he entered the plea that he was forfeiting the possible defense on which he now relies. It was not an arbitrary, unreasonable, or unconscionable decision for the trial court to deny the motion. A defendant's change of heart is an insufficient basis on which to grant a motion to withdraw a guilty plea. Lambros, supra, at 103.
 {¶ 11} Moreover, Littlefield incorrectly contends that a trial court must grant a motion to withdraw a guilty plea anytime the state cannot prove that prejudice will result. Littlefield cites State v. Fish (1995), 104 Ohio App.3d 236, 239, for the proposition that when "there is no evidence of prejudice to the prosecution, the court abuses its discretion in failing to grant a motion to withdraw a guilty plea filed before sentencing." Id., citing State v. Davis (Nov. 4, 1987), Hamilton App. No. C-860638. However, Littlefield ignores the sentence immediately subsequent to the one just quoted, which states: "This court thus determined that at least one standard is lack of prejudice to the prosecution * * * We believe that the lack of prejudice is simply one factor, albeit an extremely important factor, in the analysis of whether such a motion should be granted, and our decision in Davis should not be read to the contrary." Id. at 239-240 (Emphasis added.)
 {¶ 12} We agree with Davis. Whether the state will suffer prejudice if a motion to withdraw a guilty plea is granted is an important factor for the trial court to consider. However, it is not the only factor. Where, as here, the trial court finds that the defendant was aware of a possible defense at the time he entered his guilty plea, it is not an abuse of discretion for the trial court to find that a reasonable and legitimate basis did not exist on which to grant a motion to withdraw the plea even though the state would not be prejudiced if the motion were granted.
 {¶ 13} Accordingly, Littlefield's sole assignment of error is without merit.
 III. {¶ 14} We find that the trial court did not abuse its discretion in denying Littlefield's motion to withdraw his guilty plea. When Littlefield entered his guilty plea he was aware of a possible defense to the charge. Littlefield cannot now rely on that possible defense as creating a reasonable and legitimate basis for withdrawing his plea. Accordingly, we affirm the judgment of the trial court.
JUDGMENT AFFIRMED
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED and that the Appellee recover of Appellant costs herein taxed.
The Court finds that there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Ross County Court of Common Pleas to carry this judgment into execution.
IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted. The purpose of a continued stay is to allow Appellant to file with the Ohio Supreme Court an application for a stay during the pendency of proceedings in that court. If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty day period, or the failure of the Appellant to file a notice of appeal with the Ohio Supreme Court in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Ohio Supreme Court. Additionally, if the Ohio Supreme Court dismisses the appeal prior to expiration of sixty days, the stay will terminate as of the date of such dismissal.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Exceptions.
Harsha, J. and Abele, J.: Concur in Judgment and Opinion.