OPINION
{¶ 1} On March 12, 2007 Melikia Sylvester was indicted on one count of endangering children resulting in serious harm pursuant to R.C. 2919.22(A), a felony of the third degree, and reckless endangerment of children pursuant to R.C. 2919.22(A), a misdemeanor of the first degree. These charges stemmed from an incident which took *Page 2 
place on December 12, 2006 when Ms. Sylvester was babysitting for the three year old son of a friend. Her fourteen year old son was also home from school that day with her permission in exchange for her son cleaning the upstairs portion of her home. Ms. Sylvester told police officers she had been smoking marijuana that day. She also told the police that she knew her son was in possession of two guns. Ms. Sylvester sent the friend's child upstairs to help her son clean. While upstairs, Ms. Sylvester's son shot the child in the abdomen, resulting in the child's death. Her son was later convicted of manslaughter.
 {¶ 2} A trial in the matter was set for June 27, 2007. At the final pretrial hearing on June 7, 2007 the parties entered into a plea agreement in which Ms. Sylvester agreed to plead guilty to the felony charge in return for dismissal of the misdemeanor charge. The parties entered into no agreement regarding sentencing.
 {¶ 3} Ms. Sylvester entered a plea of guilty on June 7, 2007. The judge went through the plea colloquy pursuant to Crim. R. 11, advising Ms. Sylvester of her rights and advising her of the potential maximum penalty and fines associated with the charge. Ms. Sylvester indicated she understood her rights and wished to enter a guilty plea. Both Ms. Sylvester and her attorney signed the Entry of Waiver and Plea on Indictment form provided by the state. The form set forth the possible prison time of one to five years and possible fine up to $10,000. The court accepted the plea as voluntary and a sentencing hearing was scheduled for July 5, 2007.
 {¶ 4} At the July 5, 2007 hearing, defense counsel approached the judge prior to the hearing to learn what Ms. Sylvester's likely sentence would be. The judge indicated that she intended to sentence Ms. Sylvester to prison and that it could possibly be up to *Page 3 
the five year maximum. Defense counsel conveyed to Ms. Sylvester that the judge planned to order imprisonment and she became very upset. After consulting with friends and family, she asked to withdraw her plea. The court scheduled a hearing on the motion to withdraw the plea for July 18, 2007 and appointed new counsel for Ms. Sylvester since her attorney then became a witness.
 {¶ 5} At the July 18, 2007 hearing both parties presented witnesses and evidence for the court's consideration. Following arguments by counsel, the court took a brief recess to consider counsel's arguments, and the evidence submitted including the videotape of the plea colloquy which had been reviewed by the court prior to the hearing. Following recess, the trial court denied Ms. Sylvester's motion to withdraw her guilty plea, finding Ms. Sylvester's testimony to not be credible and that the decision to withdraw her guilty plea to be a change of heart upon learning of her likely sentence. The court then sentenced Ms. Sylvester to the maximum statutory penalty of five years imprisonment and further ordered Ms. Sylvester to pay restitution in the amount of $4,300 for funeral expenses. Ms. Sylvester filed a timely appeal on July 24, 2007.
 {¶ 6} Defendant's appellate counsel has filed a brief pursuant toAnders v. California (1967), 386 U.S. 738, 87 S.Ct. 1396, stating that he could find no meritorious issues for appellate review. We notified Defendant of her appellate counsel's representations and afforded her ample time to file a pro se brief. None has been received. This case is now before us for our independent review of the record. Penson v.Ohio (1988), 488 U.S. 75, 109 S.Ct. 346.
 {¶ 7} Defendant's appellate counsel has raised two possible issues for appeal. *Page 4 
 FIRST ASSIGNMENT OF ERROR
 {¶ 8} "THE TRIAL COURT ERRED IN OVERRULING DEFENDANT'S MOTION TO WITHDRAW HER GUILTY PLEA."
 {¶ 9} While Ms. Sylvester had not been formally sentenced by the court at the time she moved to withdraw her guilty plea, the trial court analyzed her motion under the post-sentencing standard. It found authorization to do so in this court's decision in State v. Long (May 13, 1993), Montgomery App. No. 13285. In Long, the defendant initially pled guilty to involuntary manslaughter. However, when Mr. Long's attorney learned of the judge's anticipated sentence prior to the sentencing hearing, he moved to withdraw his client's guilty plea. In a unanimous decision, this court stated "We agree that the trial court correctly observed that appellant's motion should be considered as made after sentence because it was only after counsel learned of the court's sentence that he sought to vacate his client's guilty plea." Id.
 {¶ 10} A motion pursuant to Rule 32.1 to withdraw a guilty plea after sentencing should be granted only to correct manifest injustice.State v. Smith (1977), 49 Ohio St.2d 261, 361 N.E.2d 1324. The motion is directed to the sound discretion of the trial court, which assesses the good faith, credibility and weight of the movant's assertion in support of the motion. State v. Xie (1992), 62 Ohio St.3d 521, 584 N.E.2d 715. The standard is designed to prevent a defendant from pleading guilty in order to test the potential punishment, and then withdraw the plea if the punishment is not desirable. Id., citing Kadwell v. U.S. (1963), 315 F.2d 667, 670 (9th Cir.). An appellate court will not disturb a trial court's ruling on a motion to withdraw a guilty plea absent a showing of *Page 5 
abuse of discretion. State v. Barnett (1991), 73 Ohio St.3d 244,596 N.E.2d 1101. An abuse of discretion exists when a court's ruling is unreasonable, arbitrary, or unconscionable. State v. Peterseim (1980),68 Ohio App.2d 211, 428 N.E.2d 863.
 {¶ 11} The manifest injustice standard requires a showing of extraordinary circumstances. State v. Wheeler (January 25, 2002), Montgomery App. No. 18717, 2002-Ohio-284, citing State v. Hartzell
(August 20, 1999), Montgomery App. No. 17499. "A manifest injustice comprehends a fundamental flaw in the path of justice so extraordinary that the defendant could not have sought redress from the resulting prejudice through another form of application reasonably available to him or her." Id. at 1. Therefore, the defendant has a heavy burden of showing extraordinary circumstances exist which amount to a manifest injustice. State v. Smith (1977), 49 Ohio St.2d 261, 361 N.E.2d 1324. A change of heart because a defendant has learned what his expected sentence will be is not sufficient reason to grant a post-sentencing motion to withdraw a guilty plea. State v. Long (May 13, 1993), Montgomery App. No. 13285, citing State v. Lambros (1988),44 Ohio App.3d 102, 541 N.E.2d 632.
 {¶ 12} In the hearing on Ms. Sylvester's motion to withdraw her guilty plea, Ms. Sylvester attacked the plea on two fronts. Essentially, her arguments amounted to a claim of ineffective assistance of counsel and a claim that her plea was involuntary since she was seeing a psychiatrist and that she was not on her medication at the time she entered her plea.
 {¶ 13} Ineffective assistance of counsel is a basis for post-sentence withdrawal of a guilty plea. State v. Turner (2007), 171 Ohio App.3d 82,2007-Ohio-1346, 869 N.E.2d 708, citing State v. Dalton,153 Ohio App.3d 286, 2003-Ohio-3813, 793 N.E.2d 509; *Page 6 State v. Hamed (1989), 63 Ohio App.3d 5, 577 N.E.2d 1111. In order to show ineffective assistance of counsel concerning a motion to withdraw a guilty plea, Ms. Sylvester must show that 1) her counsel's performance was deficient; and 2) there is a reasonable probability that but for counsel's error, she would not have pled guilty. State v. Xie,62 Ohio St.2d at 524, citing Strickland v. Washington (1984), 466 U.S. 668,104 S.Ct. 2052.
 {¶ 14} In support of her claim of ineffective assistance of counsel, Ms. Sylvester testified that she was pressured into the plea by her attorney and that her attorney told her she would receive community control rather than confinement. She testified that her attorney only met with her twice throughout his representation of her and did not return her telephone calls. She asserted that she left several messages with him prior to the sentencing hearing so she could talk about withdrawing her plea and none of her calls were returned. She does concede that none of the messages she left indicated she wanted to withdraw her plea, but were merely messages asking him to call her. She also stated that she felt her attorney would not be ready for trial.
 {¶ 15} The trial judge found Ms. Sylvester's testimony not to be credible. Specifically, the judge had asked Ms. Sylvester during the plea colloquy whether anyone, including her attorney, had promised her she would receive community control if she pled guilty and she answered "No." The trial judge found the testimony of Ms. Sylvester's former attorney to be more credible and found based on his testimony that Ms. Sylvester was represented by highly competent counsel who advised her regarding the charges against her and any defenses she may have had, kept in close contact with her and did not pressure her into entering a guilty plea. It was her former counsel who *Page 7 
made the suggestion that Ms. Sylvester attempt to withdraw her guilty plea once he learned of her likely sentence.
 {¶ 16} Since no other evidence was offered with regard to the claim of ineffective assistance of counsel other than the testimony of Ms. Sylvester and her former attorney, we must defer to the trial court's determinations regarding credibility of the witnesses. Since Ms. Sylvester failed to satisfy either prong of the Strickland test, her claim of ineffective assistance of counsel lacks merit.
 {¶ 17} With regard to Ms. Sylvester's claim that she was under psychiatric treatment at the time of the guilty plea and was not taking her medication at the time, we note that the only evidence offered was medical records without the benefit of psychiatric testimony. The trial judge reviewed the medical records and found nothing in them to indicate that Ms. Sylvester was incapable of voluntarily entering a guilty plea. The trial judge observed Ms. Sylvester's demeanor at the time of the plea colloquy and reviewed the videotape again prior to the hearing on the motion to withdraw her plea. She found that Ms. Sylvester made a knowing and voluntary waiver of her rights and entry of a plea of guilty.
 {¶ 18} The trial court found that Ms. Sylvester experienced a change of heart upon learning of her likely sentence and that this did not amount to manifest injustice. We find nothing in the record to indicate the trial court abused its discretion in overruling Ms. Sylvester's motion to withdraw her guilty plea.
 {¶ 19} Even if Ms. Sylvester's motion to withdraw her guilty plea had been analyzed as a pre-sentencing motion, the trial court still did not err in overruling her *Page 8 
motion to withdraw her guilty plea. Though motions to withdraw a guilty plea prior to sentencing should be freely and liberally granted, a defendant does not have an absolute right to withdraw a guilty plea.State v. Xie (1992), 62 Ohio St.3d 521, 584 N.E.2d 715. A trial court must hold a hearing on the motion and determine whether a reasonable and legitimate basis exists for withdrawing the plea. Id. A trial court will not abuse its discretion in overruling a motion to withdraw a guilty plea: 1) where the accused is represented by highly competent counsel; 2) where the accused was afforded a full hearing pursuant to Crim. R. 11 before he entered the plea; 3) when, after the motion to withdraw is filed, the accused is given a complete and impartial hearing on the motion; and 4) where the record reveals the court gave full and fair consideration to the plea withdrawal request. State v. Barnett (1991),73 Ohio App.3d 244, 250, 596 N.E.2d 1101, citing State v. Peterseim
(1980), 68 Ohio. App.2d 211, 428 N.E.2d 863. Even in pre-sentence motions to withdraw a guilty plea, a change of heart is still not sufficient grounds to allow withdrawal of the guilty plea. State v.Xie (1992), 62 Ohio St.3d 521, 584 N.E.2d 715.
 {¶ 20} The record demonstrates that each of the Peterseim factors were satisfied. The trial court found that Ms. Sylvester was represented by highly competent counsel when she entered her guilty plea. She was afforded a full and complete hearing pursuant to Crim. R. 11 upon entering her plea and was granted a complete and impartial hearing on her motion to withdraw her guilty plea in which the court gave full and fair consideration to the plea withdrawal request. In light of the court's finding that Ms. Sylvester's request to withdraw her plea was a result of a change of heart, we find that the court did not abuse its discretion under a pre-sentencing standard in denying Ms. *Page 9 
Sylvester's motion to withdraw her guilty plea. This assignment of error is without merit.
SECOND ASSIGNMENT OF ERROR
 {¶ 21} "THE TRIAL COURT ERRED IN IMPOSING THE MAXIMUM SENTENCE."
 {¶ 22} Ms. Sylvester pled guilty to endangering children resulting in serious injury pursuant to R.C. 2919.22(A), a felony of the third degree, and was sentenced to imprisonment for five years. The sentence for a felony of the third degree is one, two, three, four or five years imprisonment. R.C. 2929.14.
 {¶ 23} Generally, a trial court has broad discretion in sentencing within the statutory limits. State v. Longo (1982), 4 Ohio App.3d 136,446 N.E.2d 1145. In sentencing a defendant, a trial court no longer needs to make findings of fact before imposing consecutive or maximum prison terms. State v. Foster (2006), 109 Ohio St.3d 1, 2006-Ohio-856,845 N.E.2d 470. Rather, the trial court has discretion to impose any sentence within the statutory range, as long as the court carefully considers the purposes for sentencing set forth in R.C. 2929.11 and the factors set forth in R.C. 2929.12. State v. Mathis (2006),109 Ohio St.3d 54, 2006-Ohio-855, 846 N.E.2d 1.
 {¶ 24} In sentencing Ms. Sylvester, the trial court did set forth the factors it considered in reaching its decision. The court adopted the facts set forth in the Pre-Sentence Investigation report regarding statements made by Ms. Sylvester to the police. Specifically, the court found that Ms. Sylvester smoked marijuana every day, that she knew her fourteen year old son was in possession of two guns, that she permitted her son to stay home from school if he agreed to clean the house, and that this environment was created by Ms. Sylvester for her children and the child she was babysitting. *Page 10 
 {¶ 25} The court specifically indicated it consulted the Purposes and Principles of Sentencing and the Seriousness and Recidivism Factors, which are set forth in R.C. 2929.12. It also based its decision on an unfavorable Pre-Sentence Investigation report prepared pursuant to Crim R. 32.2. That report indicates that Ms. Sylvester has three prior drug-related felony convictions. Though the trial judge incorrectly noted that Ms. Sylvester had been to prison on three separate occasions for these charges, Ms. Sylvester had in fact been convicted of three separate felonies and was imprisoned continuously from January 31, 1996 to June 30, 1999 for three distinct offenses.
 {¶ 26} The trial court took into consideration the factors sets forth in R.C. 2929.12, considered the seriousness of the charge which resulted in the child's death, and Ms. Sylvester's prior criminal history. The sentence imposed by the court, while the maximum penalty for the crime, is clearly within the statutory limits. There is no abuse of discretion in ordering the maximum sentence and appellant's second assignment of error is without merit.
 {¶ 27} In addition to reviewing the possible issues for appeal raised by Defendant's appellate counsel, we have conducted an independent review of the trial court's proceedings and have found no error having arguable merit. Accordingly, Defendant's appeal is without merit and the judgment of the trial court will be affirmed.
BROGAN, J. and FAIN, J., concur.
Copies mailed to:
Carley J. Ingram
Sean J. Vallone
Melikia S. Sylvester
 Hon. Mary K. Huffman *Page 1