OPINION
{¶ 1} This matter is before the Court on the Notice of Appeal of Douglas R. Hagerty, filed September 25, 2007. On June 21, 2007, Hagerty was indicted on one count of grand theft of a motor vehicle, in violation of R.C. 2913.02(A)(1), and one count of possession of criminal tools, *Page 2 
tools, in violation of R.C. 2923.24(A). On August 13, 2007, Hagerty pled guilty to grand theft of a motor vehicle, a felony of the fourth degree, and the second count against him was dismissed. The trial court sentenced Hagerty to the maximum term of 18 months in prison.
 {¶ 2} Hagerty asserts one assignment of error as follows:
 {¶ 3} "THE TRIAL COURT'S IMPOSITION OF A MAXIMUM SENTENCE WAS CONTRARY TO LAW."
 {¶ 4} According to Hagerty, "the trial court's imposition of a maximum prison sentence without considering the Defendant's amenability to community control sanctions referenced at the sentencing hearing was contrary to law."
 {¶ 5} "Generally, a trial court has broad discretion in sentencing within the statutory limits. (Internal citation omitted). In sentencing a defendant, a trial court no longer needs to make findings of fact before imposing consecutive or maximum prison terms. State v.Foster (2006), 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470. Rather, the trial court has discretion to impose any sentence within the statutory range, as long as the court carefully considers the purposes for sentencing set forth in R.C. 2929.11 and the factors set forth in R.C. 2929.12. State v. Mathis (2006), 109 Ohio St.3d 54, 2006-Ohio-855, 846 N.E.2d 1." State v. Sylvester, Montgomery App. No. 22289,2008-Ohio-2901, ¶ 23.
 {¶ 6} At sentencing, Hagerty indicated to the court that his brother and sister recently died "due to theft related incidents and drug overdoses," and Hagerty admitted that he has "alcohol and drug related issues." He told the sentencing court that he was amenable to treatment in the Monday and STOP programs.
 {¶ 7} In sentencing him, the trial court rejected Hagerty's argument that he was amenable *Page 3 
amenable to community control, noting that Hagerty has "a huge misdemeanor record" and had already been to prison five times. Although the Adult Probation Department may have found Hagerty eligible for the Monday and STOP programs, the court was not required to order one of these options. We note, there is a distinction between eligibility and amenability for alternatives to incarceration in a State prison. The court did specifically indicate that it considered the purposes and principles of sentencing and the seriousness and recidivism factors. The 18 month sentence, while the maximum penalty for a felony of the fourth degree, is clearly within the statutory limits of R.C. 2929.14(A)(4), and it is accordingly not contrary to law. Hagerty's sole assignment of error is overruled. Judgment affirmed.
FAIN, J. and GRADY, J., concur.
Copies mailed to:
 Hon. A. J. Wagner *Page 1