[Cite as *State v. Staton*, 2011-Ohio-4889.]

IN THE COURT OF APPEALS OF OHIO
THIRD APPELLATE DISTRICT
DEFIANCE COUNTY


STATE OF OHIO,

    PLAINTIFF-APPELLEE,                   CASE NO.  4-11-06

    v.

CHAD A. STATON,                       O P I N I O N

    DEFENDANT-APPELLANT.


Appeal from Defiance County Common Pleas Court
Trial Court No. 10-CR-10755

Judgment Affirmed

Date of Decision:   September 26, 2011


APPEARANCES:

    *John P. Goldenetz*  for Appellant

    *Carson L. Slade*  for Appellee

**WILLAMOWSKI, J.**

{¶1} Defendant-appellant Chad A. Staton ("Staton") brings this appeal from the judgment of the Court of Common Pleas of Defiance County denying his post-conviction motion to withdraw his guilty plea. For the reasons set forth below, the judgment is affirmed.

{¶2} On March 5, 2010, the Defiance County Grand Jury indicted Staton on one count of theft from an elderly person in violation of R.C. 2913.02(A)(1), a felony of the fifth degree. Staton entered a plea of not guilty to the charge on March 19, 2010. Pursuant to a plea agreement, Staton appeared before the trial court on August 16, 2010, to enter a plea of guilty. In exchange for the guilty plea, the State offered to recommend either a six month terminal sentence or twelve months reserved sentence with community control. Aug. 16, 2010, Tr. 2. The trial court accepted the guilty plea and ordered a pre-sentence investigation. Aug. 19, 2010, Entry. Before the sentencing hearing was held, Staton filed a motion to withdraw his guilty plea. The sentencing hearing was held on October 4, 2010. At that hearing, the trial court overruled the motion to withdraw the guilty plea and sentenced Staton to twelve months in prison. Staton filed a notice of appeal from this judgment on November 3, 2010. A post-sentence motion to withdraw the guilty plea was filed on December 27, 2010. On January 28, 2011, the appeal was voluntarily dismissed by Staton. The trial court held a hearing on

the post-sentence motion to withdraw the guilty plea on March 29, 2011. The trial

court then denied the motion. Staton appeals from that judgment and raises the

following assignments of error.

### First Assignment of Error

**The trial court committed abuse of discretion in denying [Staton's] pre-sentence Motion to Withdraw Guilty Plea.**

### Second Assignment of Error

**The trial court committed prejudicial error in denying [Staton's] post-sentence Motion to Withdraw Guilty Plea when it was shown by credible evidence that he received ineffective assistance of counsel.**

### Third Assignment of Error

**The trial court committed abuse of discretion in denying the post-sentence Motion of [Staton] to Withdraw his Guilty Plea.**

{¶3} In the first assignment of error, Staton alleges that the trial court erred

in denying his pre-sentence motion to withdraw his guilty plea.

> **A motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea.**

Crim.R. 32.1. Staton originally filed his motion to withdraw his guilty plea

before he was sentenced on the offense. Thus, it was a presentence motion to

withdraw his guilty plea. "Under the doctrine of res judicata, a final judgment of

conviction bars a convicted defendant who was represented by counsel from

raising and litigating in any proceeding except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant * * * on an appeal from that judgment." *State v. Perry* (1967), 10 Ohio St.2d 175, 226 N.E.2d 104. The merits of the presentence motion were argued at the sentencing hearing and was thus on the record. Thus, Staton could have raised this issue on direct appeal and may be barred by the doctrine of res judicata.

{¶4} Although the appeal on the pre-sentence motion to withdraw the guilty plea may be barred by the doctrine of res judicata, this court will address the merits of the assignment of error in the interests of justice. Motions to withdraw a guilty plea prior to sentencing should be freely and liberally granted. *State v. Xie* (1992), 62 Ohio St.3d 521, 584 N.E.2d 715. However, a defendant does not have an absolute right to withdraw a guilty plea. Id. A trial court must hold a hearing on the motion and determine whether a reasonable and legitimate basis exists for withdrawing the pleas. Id. "A trial court will not abuse its discretion in overruling a motion to withdraw a guilty plea: 1) where the accused is represented by highly competent counsel; 2) where the accused was afforded a full hearing pursuant to Crim.R. 11 before he entered the plea; 3) when, after the motion to withdraw is filed, the accused is given a complete and impartial hearing on the motion; and 4) where the record reveals the court gave full and fair consideration to the plea

withdrawal request." *State v. Sylvester*, 2d Dist. No. 22289, 2008-Ohio-2901, ¶19. A change of heart is not sufficient grounds to allow the withdrawal of the guilty plea, even in a pre-sentence motion to withdraw the plea. *Xie*, supra.

{¶5} At the hearing, Staton was represented by counsel, satisfying the first factor. Staton was given a full and complete Crim.R. 11 hearing on August 16, 2010, before his guilty plea was entered. Thus, the second factor is met. Before being sentenced, the trial court held a hearing on Staton's motion at which both Staton's counsel and Staton were permitted to speak. Staton claimed at the hearing that he was innocent and that there was a misunderstanding on the part of the elderly victim. Sentencing Tr. 4-6. The State objected to Staton's motion claiming that it was a delaying tactic because he did not want to go to prison and that the State could be prejudiced because the victim was 94 years of age. Id. at 3. Since the hearing was held, the third factor was also met. Finally, the trial court considered the motion and made the following findings.

> **Well, I see this indictment was from March of this year. Certainly, if that – There isn't anything that has occurred between the time of your plea which was August 16th. April, May, June, July, certainly, if that, if those matters were – There isn't any reason that those same issues would not have been known to you well prior to making this plea.**
>
> **We went, of course, through a complete and thorough Rule 11 inquiry. It was Court's conclusion that your plea was made knowingly, voluntarily and intelligently. You acknowledged the factual basis for the criminal offenses recited by the State at the**

> **time of the Rule 11 inquiry. I acknowledge the State's position as well that they may be prejudiced by allowing withdrawal of the plea at this time. The motion to withdraw the plea is denied.**

Id. at 6. The trial court fully considered the motion and the fourth factor was met. The trial court agreed with the State that there was no basis for the withdrawal of the plea. The record does not indicate that the trial court abused its discretion in making this determination. Thus, the first assignment of error is overruled.

{¶6} Staton argues in the second and third assignments of error that the trial court erred in denying his post-sentence motion to withdraw his guilty plea claiming that it was shown that he lacked effective assistance of counsel and that the trial court abused its discretion in denying his post-sentence motion. An appellate court should only reverse the denial of a post-sentence motion to withdraw a guilty plea to correct a manifest injustice. *State v. Stumpf* (1987), 32 Ohio St.3d 95, 512 N.E.2d 598 and Crim.R. 32.1. "The manifest injustice standard 'comprehends a fundamental flaw in the path of justice so extraordinary that the defendant could not have sought redress from the resulting prejudice through another form of application reasonably available to him or her.'" *State v. Gibson*, 11th Dist. No. 2007-P-0021, 2007-Ohio-6926, ¶20 (quoting *State v. Thomson*, 6th Dist. No. L-05-1213, 2006-Ohio-1224, ¶48). The defendant has the burden of establishing the existence of the injustice. *State v. Caraballo* (1985), 17 Ohio St.3d 66, 477 N.E.2d 627. The determination as to whether to allow the

-6-

withdrawal of the guilty plea for a manifest injustice is within the sound discretion of the trial court. *Xie*, supra. An abuse of discretion implies an unreasonable, arbitrary, or unconscionable attitude on the part of the trial court. *Quonset Hut, Inc. v. Ford Motor Co.* (1997), 80 Ohio St.3d 46, 684 N.E.2d 319. Absent an abuse of discretion, an appellate court may not reverse the trial court's ruling. *State v. Barnett* (1991), 73 Ohio App.3d 244, 596 N.E.2d 1101.

{¶7} In this case, Staton was granted a hearing on his motion to withdraw his guilty plea. He alleged that his conviction was a manifest injustice because he was denied effective assistance of counsel. The only evidence presented by Staton at the hearing was his own testimony. He testified that he was not guilty, but his trial counsel told him that he was going to be found guilty because of the sympathetic victim and his prior prison record. March 29, 2011 Hearing, Tr. 7-8. He claimed that his counsel informed him that he would receive community control if he entered a guilty plea. Id. at 8. Staton also claimed that his counsel knew of the potential witness and had interviewed him prior to the change of plea. Id. at 8-9. However, Staton also testified that he told his attorney he wished to change his plea after he and his wife determined that the judge was not going to sentence him to community control, but was instead going to sentence him to prison. Id. at 9. He claimed that he started asking his prior counsel to file the motion to withdraw the guilty plea immediately after the change of plea hearing

and weekly afterward. Id. at 10. Based upon the evidence presented to the trial court, the only error that Staton alleges his trial counsel made was not filing the motion to withdraw the guilty plea in a timely manner. He does not indicate in any way how he was prejudiced by this alleged error or that a different action would have changed the outcome. In fact, Staton admits that he did not wish to change his plea until he realized he was not going to receive community control. Dissatisfaction with the sentence one receives is not a manifest injustice and is not a sufficient basis for granting a motion to withdraw a guilty plea. *Xie*, supra. Therefore, the trial court did not abuse its discretion in finding no manifest injustice and overruling the post-sentence motion to withdraw the guilty plea. The second and third assignments of error are overruled.

{¶8} Having found no error prejudicial to the defendant, the judgment of the Court of Common Pleas of Defiance County is affirmed.

*Judgment Affirmed*

**SHAW and PRESTON, J.J., concur.**

**/jlr**