[Cite as *State v. Spurgeon*, 2014-Ohio-4849.]

1.

# IN THE COURT OF APPEALS OF OHIO
## SECOND APPELLATE DISTRICT
## GREENE COUNTY

STATE OF OHIO

     Plaintiff-Appellee

v.

WILLIAM J. SPURGEON

     Defendant-Appellant

Appellate Case No.    2014-CA-12

Trial Court Case No.   2013-CR-619

(Criminal Appeal from
 Common Pleas Court)

. . . . . . . . . . .

## O P I N I O N

Rendered on the 31st day of October, 2014.

. . . . . . . . . . .

NATHANIEL R. LUKEN, Atty. Reg. No. 0087864, Assistant Greene County Prosecutor, 55 Greene Street, First Floor, Xenia, Ohio 45385
     Attorney for Plaintiff-Appellee

THOMAS B. SCOTT, Atty. Reg. No. 0075341, 130 West Second Street, Suite 2103, Dayton, Ohio 45402
     Attorney for Defendant-Appellant

. . . . . . . . . . . . .

WELBAUM, J.

{¶ 1} In this appeal we are asked to decide if the trial court erred when it denied Defendant-appellant, William Spurgeon's pre-sentence motions to withdraw his guilty plea. We conclude that the trial court initially erred when it denied Appellant's pre-sentence motions to withdraw his guilty plea because it applied the post-sentence "manifest injustice" standard in Crim.R. 32.1. However, such error was harmless because in its final ruling the court also considered the correct pre-sentence standard that requires such motions to be freely and liberally granted. Although Appellant's motion to withdraw claimed that he was perhaps not guilty or had a complete defense to the charges, he had such knowledge prior to entering his guilty plea. Therefore, the reason for such motion was a mere change of heart. Accordingly, we find that the trial court conducted an adequate hearing and did not abuse its discretion when it applied the pre-sentence standard. We will affirm the trial court's judgment.

### Facts and Course of Proceedings

{¶ 2} On November 15, 2013, Spurgeon was indicted by the Greene County Grand Jury for six offenses: one count of domestic violence in violation of R.C. 2919.25(A), a felony of the third degree; one count of abduction, a violation of R.C. 2905.02(A)(2), a felony of the third degree; two counts of violating a protection order in violation of R.C. 2919.27(A)(1), both misdemeanors of the first degree; one count of criminal damaging in violation of R.C. 2909.22(A), a misdemeanor of the second degree; and one count of endangering children in violation of R.C. 2919.22(A), a misdemeanor of the first degree.

{¶ 3} Spurgeon initially pled not guilty to the indicted charges on November 22, 2013.

However, on January 27, 2014, the parties entered into a plea agreement in which Spurgeon agreed to plead guilty to domestic violence, endangering children, and one count of violating a protection order in exchange for the dismissal of the remaining charges. The parties agreed that restitution would be in the amount of $200, but there were no other agreements or recommendations as to sentencing. Later that day, the trial court held a change of plea hearing.

{¶ 4} At the change of plea hearing, the trial court engaged in a thorough plea colloquy with Spurgeon. He repeatedly assured the trial judge that he understood both the information contained in the plea forms and the information orally explained by the court. Spurgeon also confirmed that he had discussed the nature of the charges and any potential defenses with his attorney and that he was satisfied with his attorney's representation. Change of Plea Trans. (Jan. 27, 2014), p. 9-10. Spurgeon specifically acknowledged that he understood that if he pled guilty to the offenses he would be making a complete admission to the allegations charged and that the court could thereafter enter a judgment of guilt and proceed to sentencing. *Id*. at 18. Thereafter, the trial court accepted Spurgeon's guilty plea and scheduled a sentencing hearing for March 12, 2014.

{¶ 5} At the sentencing hearing, Spurgeon moved to withdraw his guilty pleas prior to the pronouncement of his sentence. Spurgeon's attorney also briefly addressed the court in support of the motion. Counsel advised the court that there were recorded telephone calls that indicated that the victim was not truthful with law enforcement officers investigating the case. The court asked Spurgeon if he remembered being under oath during the plea hearing and he indicated that he did remember. The court incorrectly stated that this was a "post-conviction motion" and the "manifest injustice" standard applied. The court overruled the motion to withdraw. The judge asked Spurgeon's attorney if he had anything to offer in way of mitigation.

**{¶ 6}**     Trial counsel renewed the motion to withdraw and argued that manifest injustice was present because the telephone calls would likely prove Spurgeon's innocence.  The court overruled the second motion and asked Spurgeon if he had anything to say.

**{¶ 7}**     In response, Spurgeon told the court why he entered a plea of guilty.  First, Spurgeon claimed his attorney told him that his wife, the victim, could be jailed for lying in a police report.  Spurgeon then said that he pled guilty because he did not want his wife to be taken to jail and his kids taken away.  Also, Spurgeon said that he entered a plea of guilty because his attorney told him that abduction was very easy to prove and he could get six years in prison.  Spurgeon then told the court that he informed his attorney about the recorded telephone calls that could exonerate him prior to the change of plea hearing and that those discussions were the reason for the delay in commencing the proceeding.  Among other things, Spurgeon told the court that he was confused as to why the judge did not want to listen to the recordings that would exonerate him.  Spurgeon told the court that he was guilty of violating a protection order, but that he has four kids that need him and the "whole thing has gone way, way too far."  Sentencing Trans. (Mar. 12, 2014), p. 33.

**{¶ 8}**     After a short discussion between the judge and Spurgeon clarifying Spurgeon's confusion, the court then proceeded to sentencing.  The trial court sentenced Spurgeon to aggregate, concurrent sentences resulting in a thirty-five-month prison term.

**{¶ 9}**     On March 17, 2014, the trial court addressed Spurgeon's oral motions to withdraw his guilty pleas in a post-sentencing judgment entry.  The entry stated that the court had reviewed the record pertaining to the change of plea hearing and sentencing hearing and again, applied the incorrect post-sentencing "manifest injustice" standard. However, the court added the following language at the end of the entry: "Parenthetically the plea colloquy itself was textbook

and impenetrable even if analyzed under a pre-sentencing standard. Accordingly, Defendant's Motion to Vacate is OVERRULED in its entirety." Post Sentencing Judgment Entry (Mar. 17, 2014), Greene County Common Pleas Court Case No. 2013 CR 0619, Docket No. 58, p. 1-2.

{¶ 10} Thereafter, on March 27, 2014, the trial court filed an amended judgment entry that reduced Spurgeon's sentence to thirty months in prison. Spurgeon now appeals from his conviction, raising two assignments of error for our review.

**First Assignment of Error**

{¶ 11} Spurgeon states the following as his First Assignment of error:

THE TRIAL COURT ERRED IN DENYING APPELLANT'S MOTION TO WITHDRAW HIS GUILTY PLEA WHEN IT BASED ITS DECISION ON THE POST-SENTENCING STANDARD RATHER THAN THE PRE-SENTENCING STANDARD PURSUANT TO CRIMINAL RULE 32.1.

{¶ 12} We agree with Spurgeon that the trial court repeatedly articulated and applied the incorrect standard applicable to this case under Crim.R. 32.1 when it applied the post-sentence manifest injustice standard in denying the motion to withdraw the guilty plea. The proper standard was the pre-sentence standard because the sentence had not been pronounced and the accused had not otherwise been informed of the sentence. *See State v. Berry*, 2d Dist. Greene No. 2013-CA-34, 2014-Ohio-132, ¶ 29; *see also State v. Sylvester*, 2d Dist. Montgomery No. 22289, 2008-Ohio-2901, ¶ 9, quoting *State v. Long*, 2d Dist. Montgomery No. 13285, 1993 WL 155662, *6 (May 13, 1993). Under Crim.R. 32.1 a pre-sentence motion to vacate a guilty plea should be "freely and liberally granted." *State v. Xie*, 62 Ohio St.3d 521, 527, 584 N.E.2d 715 (1992).

{¶ 13}   However, the trial court's error was harmless.   Under Crim.R. 52(A): "Any error, defect, irregularity, or variance which does not affect substantial rights shall be disregarded." The trial court found in its March 17, 2014 entry that even if the motion were decided under the (more lenient) pre-sentence standard, the motion would be overruled. We review the court's decision under an abuse of discretion standard.   (Citations omitted.)   *Berry* at ¶ 31.

{¶ 14}   Even under the pre-sentence standard, Spurgeon does not have an absolute right to withdraw his guilty plea, as the Supreme Court of Ohio stated that:

1.      A defendant does not have an absolute right to withdraw a guilty plea prior to sentencing. A trial court must conduct a hearing to determine whether there is a reasonable and legitimate basis for withdrawal of the plea.

2.      The decision to grant or deny a presentence motion to withdraw a guilty plea is within the sound discretion of the trial court.

*Xie* at paragraphs one and two of the syllabus.

{¶ 15}   A trial court does not abuse its discretion denying a motion to withdraw a plea when: " '(1) the accused is represented by competent counsel; (2) the accused was afforded a full Crim.R. 11 hearing before he entered his plea; (3) the accused is given a complete, impartial hearing on the motion to withdraw; and (4) the court gave full and fair consideration to the request to withdraw.' "   *Berry*, 2d Dist. Greene No. 2013-CA-34, 2014-Ohio-132 at ¶ 33, quoting *State v. Hess*, 2d Dist. Montgomery No. 24453, 2012-Ohio-961, ¶ 18.   (Other citation omitted.)

{¶ 16}   Furthermore, the following additional factors may also influence the court's analysis: " '(5) whether   the motion was made within a reasonable time, (6) whether the motion sets out specific reasons for the withdrawal, (7) whether the accused understood the nature of the charges and possible penalties, and (8) whether the accused was perhaps not guilty of or had a

complete defense to the charge or charges.' " *Berry* at *¶ 36,* quoting *State v. Fish,* 104 Ohio App.3d 236, 240, 661 N.E.2d 788 (1st Dist.1995). This list is not exhaustive. *Id*.

**{¶ 17}** The only factors that possibly favor Spurgeon's last minute oral motion are: (1) it set out specific reasons for the withdrawal; and (2) it claimed that Spurgeon was perhaps not guilty or had a complete defense to the charges. However, upon closer examination the weight of these factors is mitigated by the circumstances.

**{¶ 18}** Under the more lenient pre-sentence standard, a defendant must show "there is a reasonable and legitimate basis for the withdrawal of the plea." *Xie,* 62 Ohio St.3d 521, 584 N.E.2d 715 at paragraph one of the syllabus. A trial court that denies a pre-sentence motion to withdraw a guilty plea does not abuse its discretion where the only reason given by the defendant is a change of heart. *State v. Cohen*, 2d Dist. Montgomery No. 25376, 2013-Ohio-2928, ¶15; *Sylvester*, 2d Dist. Montgomery No. 22289, 2008-Ohio-2901 at ¶ 11; *State v. Thomas*, 2d Dist. Greene No. 2006 CA 57, 2007-Ohio-443, ¶ 11; *State v. Hacker*, 2d Dist. Clark No. 2001-CA-85, 2002 WL 1332289, *2 (June 14, 2002).

**{¶ 19}** Although Spurgeon's claim to be perhaps not guilty or having a complete defense to the charges ordinarily carries substantial weight, in these circumstances it constitutes a mere change of heart. Spurgeon informed the court after the second motion to withdraw that the reason he wanted to withdraw his plea was the existence of a tape recording which would exonerate him. He also informed the court that he had prior knowledge of the tape and discussed the subject with his attorney prior to entering the plea.

**{¶ 20}** Denial of a pre-sentence motion to withdraw a guilty plea was found not to be an abuse of discretion where the motion was based upon a complete defense that the defendant was aware of when he entered the plea. *State v. Littlefield*, 4th Dist. Ross No. 03CA2747,

2004-Ohio-5996.  In that case, the trial court  informed the defendant that a plea of guilty barred his right to present any possible defenses to the charge.  *Id.* at ¶ 4.  Littlefield indicated that he understood.  The Fourth District Court of Appeals reasoned that: "When Littlefield entered his guilty plea he was aware of a possible defense to the charge. Littlefield cannot now rely on that possible defense as creating a reasonable and legitimate basis for withdrawing his plea."  *Id*. ¶ 14.

{¶ 21}  In this case, Spurgeon informed the court that he had talked with his attorney about the nature of the charges and potential defenses that might be available and he was completely satisfied with his attorney.  Change of Plea Trans. (Jan. 27, 2014), p. 9-10.  Later, Spurgeon acknowledged that he understood that if he pled guilty to these offenses he was making a complete admission that he committed the allegations contained in the charges.  *Id*. at 18.  He also affirmatively answered that he understood that if he entered a plea of guilty the court may enter judgment of guilt against him and proceed to sentencing in accordance with law.  *Id*. Under such circumstances, a trial court may reasonably find that the defendant merely had a change of heart.

{¶ 22}  The trial court articulated that it reviewed the record of the change of plea and sentencing hearings, considered the statements of counsel and Spurgeon,  and considered the motion under both the pre-sentence and post-sentence standards.  We find no abuse of discretion in the trial court's application of the pre-sentence standard, and overrule Spurgeon's First Assignment of Error.

## Second Assignment of Error

{¶ 23}  Spurgeon states the following as his Second Assignment of Error:

THE TRIAL COURT ERRED BY ABUSING ITS DISCRETION WHEN IT

FAILED TO CONDUCT A FULL AND FAIR HEARING ON THE APPELLANT'S MOTION TO WITHDRAW HIS PLEA.

{¶ 24} The trial court heard arguments on the motion to withdraw the plea from Spurgeon and his attorney prior to sentencing. Prior to its final ruling on the motion, the trial court also reviewed the transcripts from the change of plea hearing and sentencing hearing. Under such circumstances, the trial court conducted a sufficient hearing. *State v. Mooty*, 2d Dist. Greene No 2000 CA 72, 2001 WL 991976, *2 (Aug. 31, 2001), citing *State v. Holloman*, 2d Dist. Greene No. 2000CA82, 2001 WL 699533, *2 (June 22, 2001). Accordingly, we overrule Spurgeon's Second Assignment of Error.

## Conclusion

{¶ 25} Having overruled both of Spurgeon's assignments of error, we affirm the judgment of the trial court.

. . . . . . . . . . . . .

FAIN and HALL, JJ., concur.

Copies mailed to:

Nathaniel R. Luken
Thomas B. Scott
Hon. Michael A. Buckwalter