[Cite as *State v. Edds*, 2019-Ohio-4898.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

State of Ohio                                      Court of Appeals No. L-18-1231

      Appellee                               Trial Court No. CR0201801272

v.

Micah Edds                                        **DECISION AND JUDGMENT**

      Appellant                              Decided:  November 27, 2019

* * * * *

Julia R. Bates, Lucas County Prosecuting Attorney, and
Lauren Carpenter, Assistant Prosecuting Attorney, for appellee.

Lawrence A. Gold, for appellant.

* * * * *

**PIETRYKOWSKI, J.**

{¶ 1} Defendant-appellant, Micah Edds, appeals the October 1, 2018 judgment of

the Lucas County Court of Common Pleas which, following a guilty plea and court's

denial of his presentence motion to vacate his plea, sentenced him to three years of

imprisonment, five years of postrelease control, and classified him as a Tier III Sexual Offender, for attempted rape. For the reasons set forth herein, we affirm.

{¶ 2} Appellant was indicted on one count of rape, R.C. 2907.02(A)(2) and (B), and one count of sexual battery, R.C. 2907.03(A)(2) and (B). The charges stemmed from an incident following a New Year's Eve party where the 17-year-old victim awoke to find appellant engaging in sexual activity with her.

{¶ 3} On February 20, 2018, appellant entered not guilty pleas to the charges. On June 5, 2018, appellant withdrew his not guilty pleas and entered a plea pursuant to *North Carolina v. Alford*, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162, to one count of attempted rape, R.C. 2923.02 and 2907.02(A)(2) and (B). The sentencing hearing was set for August 14, 2018.

{¶ 4} On August 14, 2018, the sentencing was continued giving appellant the opportunity to file a motion to withdraw his plea. Appellant filed a motion to withdraw on August 23, 2018, arguing that he could not have formed the intent to commit the offense because he blacked out due to alcohol intoxication/usage. The state opposed the motion.

{¶ 5} A hearing on the motion was held on September 24, 2018; the motion was then taken under advisement. At the October 1, 2018 hearing, the court denied appellant's motion setting forth, in detail, its reasons for the ruling. The matter then proceeded directly to sentencing; this appeal followed.

2.

**{¶ 6}** Appellant now raises two assignments of error for our review:

First Assignment of Error: The trial court abused its discretion in denying appellant's motion to withdraw his plea prior to sentencing.

Second Assignment of Error: Appellant received ineffective assistance of counsel in violation of his rights under the Sixth and Fourteenth Amendments to the United States Constitution and Article I, §10 of the Ohio Constitution.

**{¶ 7}** Crim.R. 32.1 provides: "A motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea." Generally, a motion to withdraw a guilty plea is to be freely and liberally granted. *State v. Xie*, 62 Ohio St.3d 521, 526, 584 N.E.2d 715 (1992). However, the *Xie* court indicated that a defendant does not have an absolute right to withdraw a guilty plea prior to sentencing. *Id.* at paragraph one of the syllabus. Rather, "[a] trial court must conduct a hearing to determine whether there is a reasonable and legitimate basis for the withdrawal of the plea." *Id.* The court further held that "[t]he decision to grant or deny a presentence motion to withdraw a guilty plea is within the sound discretion of the trial court." *Id.* at paragraph two of the syllabus. Accordingly, in order to find that the trial court abused its discretion, a reviewing court must find that the court's ruling was "unreasonable, arbitrary or unconscionable." *Id.* at 527. "Abuse-of-discretion review is deferential and does not permit an appellate court to simply substitute

3.

its judgment for that of the trial court." *State v. Darmond*, 135 Ohio St.3d 343, 2013-Ohio-966, 986 N.E.2d 971, ¶ 34.

{¶ 8} In considering whether a presentence motion to withdraw a plea should have been granted, an appellate court should consider:

> (1) [W]hether the prosecution would be prejudiced if the plea was vacated; (2) whether the accused was represented by highly competent counsel; (3) whether the accused was given a full Crim.R. 11 hearing; (4) whether a full hearing was held on the motion; (5) whether the trial court gave full and fair consideration to the motion; (6) whether the motion was made within a reasonable time; (7) whether the motion set forth specific reasons for the withdrawal; (8) whether the accused understood the nature of the charges and possible penalties; and (9) whether the accused was perhaps not guilty or had a complete defense to the crime. *State v. Eversole*, 6th Dist. Erie Nos. E-05-073, E-05-076, E-05-074, E-05-075, 2006-Ohio-3988, ¶ 13, citing *State v. Fish*, 104 Ohio App.3d 236, 240, 661 N.E.2d 788 (1st.Dist.1995).

{¶ 9} At the October 1, 2018 hearing, in rendering its decision on appellant's motion to withdraw his plea, the trial court indicated that it thoroughly examined each of the nine *Fish* factors. The court concluded that despite additional emotional trauma to the victim if the motion to withdraw was granted, the state failed to prove prejudice. The court noted that appellant was represented by "highly competent counsel" and was

4.

afforded a full Crim.R. 11 hearing where he was informed of all penalties he would face including registration requirements of a sexual offender. The court found that the motion was timely stating that appellant informed the court of his intent to withdraw his plea on the date of the first scheduled sentencing; he was granted leave to file the motion.

{¶ 10} As to the reason for the request and whether appellant had a complete defense to the charge, the court first noted that appellant's claimed defense of blackout had been treated by courts as an affirmative defense. The court stated that appellant's level of intoxication was inconsistently reported in the presentence investigation report and by counsel. The court further noted that there is nothing in the record to suggest that appellant "suffered a mental, psychological or other physical illness that would cause a blackout." The court then concluded that blackout was not a viable defense and that appellant's change of heart could not support the granting of the motion.

{¶ 11} Appellant now argues that the court abused its discretion by denying his motion to withdraw the plea because he wished to pursue the affirmative defense of blackout. The factors most in dispute are appellant's reason for the request and whether appellant had a complete defense to the charge. At the hearing, appellant's counsel argued that although appellant was not intoxicated, his consumption of alcohol somehow caused him to black out and have no recollection of the alleged incident. Appellant now contends that he should have been permitted to withdraw his plea and pursue the affirmative defense of blackout.

5.

{¶ 12} The affirmative defense of blackout has been recently described by the Ohio Supreme Court as an excuse or reason "used to explain why a defendant acted in a certain manner. A blackout is a defense that arises because the defendant is not blameworthy for having acted in a way that would otherwise be criminal." *State v. Ireland*, 155 Ohio St.3d 287, 2018-Ohio-4494, 121 N.E.3d 285, ¶ 21. The court further noted that the standard blackout defense instruction begins: "'Where a person commits an act while [unconscious], as in a coma, blackout, or convulsion due to heart failure, disease, sleep, or injury * * *.'" *Id.*, quoting Ohio Jury Instructions, CR Section 417.07.

{¶ 13} Upon review of the trial court's findings and relevant case law and mindful of our deferential standard of review, we find that the trial court did not abuse its discretion when it denied appellant's presentence motion to withdraw his plea. Appellant was afforded a hearing on the motion and did not persuade the trial court that his desire to withdraw his plea was anything other than a change of heart. Appellant's first assignment of error is not well-taken.

{¶ 14} In his second assignment of error, appellant contends that he received ineffective assistance of trial counsel based on counsel's failure to investigate the affirmative defense of blackout prior to appellant entering his *Alford* plea. We note that to establish ineffective assistance of counsel, an appellant must demonstrate "(1) deficient performance of counsel, i.e., performance falling below an objective standard of reasonable representation, and (2) prejudice, i.e., a reasonable probability that, but for counsel's errors, the proceeding's result would have been different." *State v. Hale*, 119

6.

Ohio St.3d 118, 2008-Ohio-3426, 892 N.E.2d 864, ¶ 204, citing *Strickland v. Washington*, 466 U.S. 668, 687-88, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland* at 694.

{¶ 15} "Where a conviction is based on guilty or no contest pleas, the prejudice element requires the defendant to show that there is a reasonable probability that, but for counsel's errors, he would not have entered a plea. (Citations omitted.)" *State v. Luciano*, 6th Dist. Wood No. WD-14-023, 2015-Ohio-1264, ¶ 24, quoting *State v. Trevino*, 6th Dist. Lucas No. L-08-1394, 2009-Ohio-6983, ¶ 16.

{¶ 16} In appellant's motion to withdraw and at the motion hearing, counsel indicated he had discussed with appellant, during "several interviews," whether appellant could have been intoxicated enough to back out. Counsel stated that appellant repeatedly denied being that intoxicated, but also admitted to never having blacked out before. Thus, counsel maintained that appellant could have experienced a blackout but was not aware of what is was.

{¶ 17} Any further evidence of trial counsel's examination of the potential blackout defense or discussions with appellant are not contained in the record before us. To the extent that appellant's argument relates to counsel's investigation of the facts and legal issues in this case, such a query implicates an examination of facts outside the record and, as such, is not a proper issue to be considered on direct appeal. *Trevino* at ¶ 18, citing *State v. Carter*, 89 Ohio St.3d 593, 606, 734 N.E.2d 345 (2000).

{¶ 18} Upon review, we note that appellant faced a potential maximum sentence of ten years of imprisonment for the first-degree felony of rape. Counsel effectively negotiated a plea agreement whereby the state agreed to amend the rape charge to attempted rape and dismiss the sexual battery count. The fact that trial counsel advised appellant to enter the plea even in light of a potential affirmative defense can be considered sound trial strategy. *See State v. Curtis*, 2d Dist. Greene No. 2008 CA 22, 2008-Ohio-5643, ¶ 24; *State v. Cole*, 6th Dist. Wood No. WD-99-007, 1999 WL 1203745, *6 (Dec. 17, 1999).

{¶ 19} Based on the foregoing, we find that appellant did not receive ineffective assistance of trial counsel. Appellant's second assignment of error is not well-taken.

{¶ 20} On consideration whereof, we find that appellant was not prejudiced or prevented from having a fair proceeding and the judgment of the Lucas County Court of Common Pleas is affirmed. Pursuant to App.R. 24, appellant is ordered to pay the costs of this appeal.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J. _____        _____
                                                        JUDGE

Christine E. Mayle, P.J. _____
CONCUR.                                          _____
                                                        JUDGE


Gene A. Zmuda, J. _____            _____
CONCURS AND WRITES                          JUDGE
SEPARATELY.


**ZMUDA, J., concurring.**

{¶ 21} I concur with the affirmance of the trial court's judgment in this case, and write separately to articulate why it is that the trial court did not abuse its discretion when it found that appellant's presentence motion to withdraw his plea was based merely on a change of heart.

{¶ 22} In cases involving the denial of a presentence motion to withdraw a plea, I believe it is incumbent upon the trial court to provide an explanation, supported by the

record, for its conclusion that the motion to withdraw was motivated merely by a change of heart. Absent such an explanation, it may appear that the trial court summarily resorted to a change of heart finding without fully considering the defendant's motion.

{¶ 23} The trial court's change of heart determination was appropriate in this case, because it appears from the record that the potential blackout defense that formed the basis for appellant's motion to withdraw had been discussed with appellant during "several interviews" that occurred between appellant and his counsel before appellant entered his plea.

{¶ 24} In *State v. Spurgeon*, 2d Dist. Greene No. 2014-CA-12, 2014-Ohio-4849, the Second District found that the defendant's motion to withdraw his plea was motivated by a mere change of heart because his claimed defense was known to him at the time he entered his plea. Specifically, the court in *Spurgeon* stated: "Denial of a pre-sentence motion to withdraw a guilty plea was found not to be an abuse of discretion where the motion was based upon a complete defense that the defendant was aware of when he entered the plea." *Id*. at ¶ 20. In so stating, the court referred to *State v. Littlefield*, 4th Dist. Ross No. 03CA2747, 2004-Ohio-5996, in which the Fourth District noted that the defendant was aware of a possible defense to the charge when he entered his guilty plea and, consequently, the defendant could not "rely on that possible defense as creating a reasonable and legitimate basis for withdrawing his plea." *Id.* ¶ 14.

{¶ 25} Given the fact that appellant was aware of the potential defense at the time he entered his plea, it logically follows that his subsequent motion premised upon that

10.

defense was motivated by little more than a change of heart. *See Spurgeon* at ¶ 21 (finding that, where a defendant is aware of the existence of a defense at the time he enters a plea, "a trial court may reasonably find that the defendant merely had a change of heart"). Because such a motivation is not a legitimate basis for a presentence motion to withdraw a plea, I agree with the majority's conclusion that the trial court did not abuse its discretion in denying appellant's motion.

This decision is subject to further editing by the Supreme Court of
Ohio's Reporter of Decisions.  Parties interested in viewing the final reported
version are advised to visit the Ohio Supreme Court's web site at:
http://www.supremecourt.ohio.gov/ROD/docs/.

11.