OPINION
{¶ 1} This matter is before the Court on the Notice of Appeal of Shawn M. Thomas, filed April 26, 2006. On November 17, 2005, in case number 2005 CR 889, a Greene County Grand Jury indicted Thomas on three counts of rape, felonies of the first degree in violation of R.C.2907.02(A)(2), three counts of kidnaping, felonies of the first degree in violation of R.C. 2905.01(A)(1), one count of felonious assault, a felony of the second degree in violation of R.C. 2 2903.11(A)(1), one count of trafficking in cocaine, a felony of the second degree in violation of R.C. 2925.03(A)(1), one count of trafficking in cocaine, a felony of the fifth degree in violation of R.C. 2925.03(A)(1), and one count of possession of criminal tools, a felony of the fifth degree in violation of R.C. 2923.24(A). The court set a trial date of January 17, 2006.
 {¶ 2} On December 9, 2005, in case number 2005 CR 957, Thomas was indicted on three counts of trafficking in cocaine, felonies of the fourth degree, in violation of R.C. 2925.03(A)(1), four counts of possession of criminal tools, felonies of the fifth degree, in violation of R.C. 2923.24(A), and one count of trafficking in cocaine, a felony of the fifth degree, in violation of R.C. 2925.03(A)(1).
 {¶ 3} On January 17, 2006, rather than proceeding to trial as scheduled, Thomas pled guilty, in case number 2005 CR 957, to three counts of trafficking in cocaine, felonies of the fourth degree and to one count of trafficking in cocaine, a felony of the fifth degree, and, in case number 2005 CR 889, Thomas pled guilty to kidnaping, felonious assault, one count of trafficking in cocaine, a felony of the fourth degree, and to one count of trafficking in cocaine, a felony of the fifth degree. The remaining counts in both indictments were dismissed. The trial court set the matter for sentencing on March 3, 2006. On February 24, 2006, Thomas filed a Motion for Substitution of Counsel of Record, which the trial court granted. On March 1, 2006, Thomas filed a Motion to Continue, and on March 2, 2006, Thomas filed a Motion to Withdraw Plea. The trial court held a hearing on Thomas' Motion on March 7, 2006, and overruled it on March 21, 2006.
 {¶ 4} Thomas asserts one assignment of error as follows:
 {¶ 5} "THE TRIAL COURT ERRED IN DENYING THE MOTION TO WITHDRAW PLEA"
 {¶ 6} "A motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea." Crim. R. 32.1.
 {¶ 7} "Under Crim. R. 32.1, a pre-sentence motion to withdraw a guilty plea `should be freely and liberally granted.' (Internal citations omitted). State v. Fugate, Montgomery App. No. 21574, 2007-Ohio-26. "However, a defendant does not have an absolute right to withdraw his plea prior to sentencing. (Internal citations omitted). A trial court must hold a hearing on the motion to determine if a reasonable and legitimate basis exists for the withdrawal. * * * Yet, the decision to grant or deny the motion is within the court's discretion. * * * Generally, denials of pre-sentence motions to withdraw pleas have been upheld even if the accused was mistaken as to an aspect of the plea's consequences. (Internal citations omitted).
 {¶ 8} "On appeal, a court will reverse a trial court's denial of a pre-sentence motion to withdraw a guilty plea only upon a finding of an abuse of discretion. (Internal citations omitted). An abuse of discretion occurs where the trial court's ruling is unreasonable, arbitrary, or unconscionable.* * *
 {¶ 9} "A trial court does not abuse its discretion in overruling a motion to withdraw: (1) where the accused is represented by highly competent counsel, (2) where the accused was afforded a full hearing, pursuant to Crim. R. 11, before he entered the plea, (3) when, after the motion to withdraw is filed, the accused is given a complete and impartial hearing on the motion, and (4) where the record reveals that the court gave full and fair consideration to the plea withdrawal request." State v. Askew, Montgomery App. No. 20110, 2005-Ohio-4026.
 {¶ 10} "When conducting the hearing on the motion to withdraw, the trial court may consider: `(1) whether the state will be prejudiced by withdrawal; (2) the representation afforded to the defendant by counsel; (3) the extent of the Crim. R. 11 plea hearing; (4) the extent of the hearing on the motion to withdraw, * * * [5] whether the timing of the motion was reasonable; [6] the reasons for the motion; [7] whether the defendant understood the nature of the charges and potential sentences, and [8] whether the accused was perhaps not guilty or had a complete defense to the charge. State v. Cuthbertson (2000), 139 Ohio App.3d 895,898-899, 746 N.E.2d 197." Id.
 {¶ 11} A change of heart "is not a legitimate basis for withdrawing a guilty plea when Defendant understood, at the time he entered his plea, the minimum and maximum sentences that could be imposed and that no particular sentence * * * had been promised to him." State v.Forest, Montgomery App. No. 19649, 2003-Ohio-1945.
 {¶ 12} The trial court is in the best position to assess witness credibility. State v. Hancock, Montgomery App. No 20738, 2005-Ohio-5785.
 {¶ 13} At the hearing, Thomas was the only witness. The trial court asked the State if it would be prejudiced were the court to grant the Motion. The State responded that it would be prejudiced because several other co-defendants have already pled, received deals, and been sentenced, and "that puts the State in a disadvantaged position evidentiary wise with respect to now we have to go back."
 {¶ 14} As to the representation afforded to Thomas as he entered his plea, Thomas testified that he told his counsel that he wanted to go to trial, and that Thomas never indicated that he wanted to enter a plea. According to Thomas, his counsel failed to thoroughly go over his discovery packet with him. In terms of the voluntariness of his plea, Thomas stated, "The reason I felt I had to take the deal at that point in time was because I felt if I didn't take that deal he wasn't going to work for me 5 the way I wanted him to * * *
 {¶ 15} "There were things — basically he came to see me basically ten days before trial. I felt there were more things we needed to go over and I needed to discuss with him. I asked him to explain to me, before I took any deal or anything like that, and he wouldn't do it. I was asking him to go over certain things with him, trying to ask him about things that were in my paperwork, and he wouldn't do it. So I felt if I didn't take that deal at that point in time and I would go to trial and I would get, you know, felt I would be in not good hands with his representation."
 {¶ 16} Thomas indicated at the hearing on his Motion to Withdraw that he believed there was information in his discovery packet that would provide a defense to the felonious assault charge. According to Thomas, "There was another party involved, a co-defendant of mine in the case, and he admitted in the discovery packet, in writing, that he assaulted the victim with a pole of some sort and that was why I felt I shouldn't have been accused of Felonious Assault." Thomas indicated that there were other things with respect to the other charges that he wanted to discuss with his counsel but that he was not given the opportunity to do so. Finally, Thomas told the court that he received a letter from a co-defendant stating that, at the time she gave her written statement about Thomas to the police, she was high on drugs.
 {¶ 17} On cross examination, counsel for the State reviewed the transcript of the plea hearing with Thomas. Thomas indicated that he was clear headed at the time he entered his plea and that he thought "it was in my best interest to go along with what my public defender was saying at that time." He told the court that his attorney had answered all of his questions, and that he was totally satisfied with the legal services he received. He indicated that his plea was given voluntarily. Thomas testified that he had enough time to consider his plea. He affirmed that he told the trial court that he understood that his plea constituted a complete admission of guilt. Thomas also indicated that he understood the nature of the charges against him and the potential sentences. He said he was offered "a zero to nine deal" by the State.
 {¶ 18} The trial court, in overruling Thomas' Motion, noted that it was "quite familiar with the facts of this case inasmuch as six-co-defendants of this Defendant have previously pled guilty (to similar charges from the same events) and having heard the facts of the case, is aware of the Defendant's complicity with that of the co-defendants." The facts indicated that Thomas, and another co-defendant, Jermigo Harris, were responsible for the felonious assault on the victim herein. The court found that Thomas "has offered almost no defense to the charges in case number 05 CR 0957. And the Defendant has vaguely and generally offered little support to this Court that would cause the Court to believe that the Defendant is perhaps not guilty or has a complete defense to the charges in case number 05 CR 0889."
 {¶ 19} In applying the Cuthbertson factors to the facts herein, the trial court found the State's argument regarding prejudice to be "somewhat vague" and determined that the first Cuthbertson factor favored Thomas. The trial court found that Thomas' Motion to Withdraw was timely, and that the fifth Cuthbertson factor accordingly weighed in Thomas' favor. The trial court found, however, that the second, third, fourth, and seventh factors weighed against Thomas. The court gave the greatest weight to the third and seventh factor, determining that Thomas had "a very extensive Criminal Rule 11 plea hearing in which under oath the Defendant stated in various ways in response to questions that his plea was voluntary and without any reservation." Given Thomas' testimony, the court had "great difficulty finding factors six and eight in favor of the Defendant" and found that Thomas "did not satisfy the Court that he is perhaps not guilty or has a complete defense to the 7 charges."
 {¶ 20} The court went on to determine that Thomas was represented by highly competent counsel, and that he was afforded a "complete and impartial hearing of his Motion to Withdraw."
 {¶ 21} We agree with the trial court that Thomas' Motion to Withdraw was not well taken. Thomas concedes that the trial court conducted a full Crim. R. 11 plea hearing and a full hearing on the Motion to Withdraw. Thomas contends that his counsel did not act as highly competent counsel and argues that Thomas' testimony regarding his representation was uncontradicted. It is clear from the record that Thomas' counsel negotiated a reasonable and favorable plea agreement with the State. We agree that Thomas did not present sufficient evidence from which the court could conclude that Thomas is innocent or has a complete defense to the felonious assault charge, or any other charges. Thomas does not have an absolute right to withdraw his plea, and even though Thomas may disagree with the trial court's application of the factors to the evidence, the court clearly gave full and fair consideration to his Motion to Withdraw. The trial court was best able to assess Thomas' credibility at both hearings. The trial court correctly considered all appropriate factors, weighed them and correctly concluded Thomas was not entitled to withdraw his plea. There being no abuse of discretion, Thomas' assignment of error is overruled, and the judgment of the trial court is affirmed.
BROGAN, J. and GRADY, J., concur.