[Cite as *State v. Cohen*, 2013-Ohio-2928.]

**IN THE COURT OF APPEALS OF OHIO**
**SECOND APPELLATE DISTRICT**
**MONTGOMERY COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | Appellate Case No. 25376 |
| Plaintiff-Appellee | : | |
| | : | Trial Court Case No. 2012-CR-1144 |
| v. | : | |
| | : | |
| DEVON J. COHEN | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 3rd day of July, 2013.

. . . . . . . . . . .

MATHIAS H. HECK, JR., by MICHELE D. PHIPPS, Atty. Reg. #0069829, Montgomery County Prosecutor's Office, Appellate Division, Montgomery County Courts Building, P.O. Box 972, 301 West Third Street, Dayton, Ohio 45422
 Attorney for Plaintiff-Appellee

J. ALLEN WILMES, Atty. Reg. #0012093, 4428 North Dixie Drive, Dayton, Ohio 45414
 Attorney for Defendant-Appellant

. . . . . . . . . . . . .

DONOFRIO, J.,

 **{¶1}** Defendant-appellant Devon J. Cohen appeals his conviction in the Montgomery

County Common Pleas Court for felonious assault (deadly weapon) following his guilty plea. He

argues that the trial court erred in denying his motion to withdraw his guilty plea.

{¶2} On May 17, 2012, a Montgomery County grand jury indicted Cohen for felonious assault (deadly weapon) in violation of R.C. 2903.11(A)(2), a second-degree felony. Cohen either pleaded not guilty or had a plea of not guilty entered on his behalf by the trial court. The trial court appointed Attorney Shawn P. Hooks to represent Cohen and the case proceeded to discovery and other pretrial matters.

{¶3} Cohen appeared in court before Judge Mary K. Huffman on June 26, 2012 for scheduling. Prior to the hearing, Atty. Hooks told Cohen that he had spoken with the judge concerning his case. (Tr. 26.) Atty. Hooks advised Cohen that, although it was not guaranteed, the court would likely sentence him to probation, meaning that he would be released from custody immediately following sentencing. (Tr. 26-27.) Atty. Hooks advised the court that Cohen was going to plead guilty as charged in the indictment and that there was no agreement with the state as to sentence. The court conducted the Crim.R. 11 plea colloquy and accepted Cohen's guilty plea. The court then ordered a pre-sentence investigation and set the case for sentencing on July 17. Judge Huffman advised Cohen that she would be the person to make the sentencing decision, but that Judge Barbara P. Gorman would be the judge that would impose the sentence at the sentencing hearing set for July 17.

{¶4} The case proceeded to a sentencing hearing on July 17, 2012. Prior to sentencing, Judge Gorman indicated to Atty. Hooks that Cohen's sentence was going to be a two-year term of imprisonment. (Tr. 32.) Atty. Hooks told Cohen about the two-year sentence. (Tr. 32.) Cohen was unhappy and Atty. Hooks told him he would move for a one-week continuance so that he could talk with Judge Huffman about the reasons for the two-year sentence. (Tr. 32.) The court granted the continuance and reset sentencing for July 24.

{¶5} Due to a scheduling conflict, Atty. Hooks was unable to be with Cohen at the July 24, 2012 sentencing hearing, instead having his law partner stand in for him. (Tr. 33.) Cohen did not want to proceed without Atty. Hooks, so sentencing was reset for the following day. (Tr. 33.)

{¶6} The next day, Atty. Hooks learned from Judge Huffman that the sentence was still going to be two years in prison and that the reason for the sentence was based primarily on Cohen's conduct in the pre-sentence investigation. (Tr. 34.) According to Atty. Hooks, the court was willing, however, to consider Cohen for judicial release if he stayed out of trouble in prison and took reasonable steps to improve himself. (Tr. 34.) Atty. Hooks relayed this information to Cohen and Cohen responded that he wanted to withdraw his guilty plea. (Tr. 34-35.) Atty. Hooks informed the court of Cohen's intention and asked the court to appoint new counsel. (Tr. 35.) The court appointed Attorney Christopher Thompson to represent Cohen and set a hearing on Cohen's motion to withdraw his guilty plea for August 29.

{¶7} The trial court held a hearing on Cohen's motion to withdraw his guilty plea on August 29, 2012. Atty. Hooks and Cohen testified. Cohen testified that he only pleaded guilty because Atty. Hooks told him he would be sentenced to probation and would be out of jail in two weeks. (Tr. 52, 59.) Cohen testified that he indicated to Atty. Hooks a willingness to take the case to trial, but that Atty. Hooks still advised him to plead guilty and that he would be out of jail. (Tr. 52.) Atty. Hooks testified that he did not tell Cohen he would be out of jail in two weeks if he pleaded guilty. (Tr. 42-43.) He testified that he told Cohen that it was likely he would be sentenced to probation, but cautioned him that was not guaranteed. (Tr. 42.) The court made the video of the plea colloquy and the pre-sentence investigation a part of the record. (Tr. 67.)

{¶8} On September 6, 2012, the trial court issued a 10-page written decision overruling Cohen's motion to withdraw his guilty plea. The court did not find Cohen's testimony credible

and found that his motion was based on nothing more than a change of heart after learning of the two-year sentence.

{¶9} On September 11, 2012, the trial court sentenced Cohen to a two-year term of imprisonment. This appeal followed.

{¶10} Cohen raises two assignments of error on appeal. Because they are substantially interrelated and concern the trial court's decision overruling his motion to withdraw to his guilty plea, they will be addressed together. They state, respectively:

THE TRIAL COURT ABUSED ITS DISCRETION IN OVERRULING APPELLANT'S MOTION TO WITHDRAW HIS PLEA.

THE TRIAL COURT APPLIED AN INCORRECT STANDARD, VIZ., TO PREVENT MANIFEST INJUSTICE IN ADDRESSING APPELLANT'S MOTION TO VACATE HIS PLEA.

{¶11} The decision whether to grant or deny a defendant's motion to withdraw a guilty plea is within the trial court's discretion. *State v. Xie*, 62 Ohio St.3d 521, 526, 584 N.E.2d 715 (1992). Abuse of discretion connotes more than an error of law or judgment; it implies that the trial court's attitude is unreasonable, arbitrary, or unconscionable. *State v. Adams*, 62 Ohio St.2d 151, 157, 404 N.E.2d 144 (1980).

{¶12} Crim.R. 32.1 provides: "A motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea."

{¶13} "The rule distinguishes motions to withdraw based on timing–those filed before

sentence and those filed after sentence. This is so principally for policy reasons. 'This distinction rests upon practical considerations important to the proper administration of justice. Before sentencing, the inconvenience to court and prosecution resulting from a change of plea is ordinarily slight as compared with the public interest in protecting the right of the accused to trial by jury. But if a plea of guilty could be retracted with ease after sentence, the accused might be encouraged to plead guilty to test the weight of potential punishment, and withdraw the plea if the sentence were unexpectedly severe.' *Kadwell v. U.S.* (C.A.9, 1963), 315 F.2d 667, 670; see, also, *State v. Long* (May 13, 1993), Montgomery App. No. 13285, 1993 WL 155662, at *17." *State v. McComb*, 2d Dist. Montgomery Nos. 22570, 22571, 2009-Ohio-295, ¶ 6.

{¶14} "A defendant does not have an absolute right to withdraw his plea, even if the motion is made prior to sentencing." *State v. Hess*, 2d Dist. Montgomery No. 24453, 2012-Ohio-961, ¶ 18, citing *State v. Xie,* 62 Ohio St.3d 521, 584 N.E.2d 715 (1992), paragraph one of the syllabus. In reviewing a trial court's decision on a defendant's motion to withdraw his plea filed before sentencing, this court applies the factors set forth in *State v. Peterseim,* 68 Ohio App.2d 211, 428 N.E.2d 863 (8th Dist.1980), paragraph three of the syllabus. We review whether: (1) the accused was represented by competent counsel; (2) the accused was afforded a full Crim.R. 11 hearing before he entered his plea; (3) the accused was given a complete, impartial hearing on the motion to withdraw; and (4) the court gave full and fair consideration to the request to withdraw. *Id*.

{¶15} A change of heart or mistaken belief about his plea is not a reasonable basis requiring a trial court to permit the defendant to withdraw his plea. *State v. Lambros*, 44 Ohio App.3d 102, 103, 541 N.E.2d 632 (8th Dist.1988). Moreover, a defendant generally is not allowed to withdraw his plea prior to sentencing just because he is made aware that a subjectively

unexpected sentence is going to be imposed. (Citations omitted). *State v. Uribe*, 2d Dist. Montgomery No. 17044, 1999 WL 115087, *2 (Mar. 5, 1999)

{¶16} "The movant seeking to withdraw a guilty plea after sentence is imposed has the burden to demonstrate that a manifest injustice occurred. *State v. Powell* (2010), 188 Ohio App.3d 232, 238; see Crim. R. 32.1. Manifest injustice is a flexible concept and depends on the facts and circumstances in each case. *State v. Smith* (1977), 49 Ohio St.2d 261, 264, 361 N.E.2d 1324. Withdrawal of a guilty plea after sentencing is permitted only in extraordinary cases. *Id.* The decision of whether to grant a motion to withdraw a plea is confided to the trial court's discretion and will not be disturbed on appeal absent abuse of that discretion. [*State v. McComb*, Montgomery App. Nos. 22570, 22571, 2008-Ohio-295]." *State v. Blaylock*, 2d Dist. Montgomery No. 24475, 2011-Ohio-4865, ¶ 11.

{¶17} In this case, the trial court analyzed Cohen's motion to withdraw his plea under the post-sentencing standard. Cohen argues that since he filed his motion to withdraw his plea before sentencing, the trial court should have analyzed his motion under the pre-sentencing standard. Analyzed under the pre-sentencing standard, Cohen argues that the trial court should have granted his motion to withdraw his guilty plea. In response, the state argues that the trial court applied the correct standard because Cohen learned that the trial court was going to sentence him to prison rather than community control before formal sentencing took place, citing *State v. Long*, 2d Dist. Montgomery No. 13285, 1993 WL 155662 (May 13, 1993).

{¶18} In *Long*, the defendant pleaded guilty to involuntary manslaughter in exchange for the state dropping other charges. The defendant learned from his counsel of the trial court's anticipated sentence prior to sentencing and moved to withdraw his guilty plea. This court agreed with the trial court's observation that the defendant's motion "should be considered as made after

sentence because it was only after counsel learned of the court's sentence that he sought to vacate his client's guilty plea." *Id*. at *6.

{¶19} Here, it is undisputed that Cohen's becoming aware of the trial court's anticipated sentence led to his motion to withdraw his guilty plea. Therefore, in accordance with *Long*, the trial court properly analyzed Cohen's motion under the post-sentencing standard. The inquiry then shifts to whether Cohen demonstrated manifest injustice. On this issue, the focus below seemed to be whether Cohen had been promised probation in exchange for his guilty plea. The trial court determined that Cohen's claim in this regard was not credible and that determination is supported by the record.

{¶20} Atty. Hooks testified that he told Cohen that it was likely that the trial court would sentence him to probation, but that it was not guaranteed. (Tr. 27, 42.) At Cohen's plea hearing and prior to him entering his plea, Atty. Hooks and the assistant prosecutor both stated on the record that there was no agreement as to sentence. (Tr. 5.)

{¶21} The trial court specifically addressed Cohen about the lack of a sentencing agreement during the plea colloquy:

THE COURT: All right. Sir, do you understand there's no agreement as to your sentence and I don't know anything about you so I'll set the matter for sentencing on July 17th and Judge Gorman will impose sentence at that time.

Do you understand that? I'll make the decision about sentencing; she'll impose sentence. Do you understand?

THE DEFENDANT: Yes, ma'am.

THE COURT: Okay. Did anybody, including your attorney, promise that you will receive community control sanctions and will not receive a prison sentence as a result of this plea?

THE DEFENDANT: No.

(Tr. 7-8.)

{¶22} At end of the plea colloquy, the following exchange took place:

THE COURT: All right. Sir, in front of you is a plea form. If you understood the charge, your rights, the possible penalties; if you want to give up those rights and enter a guilty pleas if you'll sign there at the bottom, sir.

THE DEFENDANT: (Signing document.)

(Colloquy off the record.)

THE COURT: The record will reflect the defendant and his counsel have signed the plea form.

Sir, I see that Mr. Hooks has answered some questions for you. Do you have any other questions for Mr. Hooks or I before you enter your plea today?

THE DEFENDANT: No, ma'am.

(Tr. 10-11.) The plea form which Cohen and his attorney signed specifically states, "No promises were made to me to induce my plea(s)." (T.d. 16.)

{¶23} In similar cases, this court has found that a defendant's testimony and signed plea form at the plea hearing that his plea was not induced by promises counters the defendant's allegation that the plea was induced. *State v. Mooty*, 2d Dist. Greene No. 2000 CA 72, 2001 WL 991976, *3 (Aug. 31, 2001); *State v. Reynolds*, 2d Dist. Miami No. 97-CA-33, 1997 WL 691515 (Oct. 24, 1997); *see also State v. Long*, 2d Dist. Montgomery No. 13285, 1993 WL 155662 (May

13, 1993).

{¶24} At the hearing on Cohen's motion to withdraw his guilty plea, the trial court questioned Cohen about his plea:

THE COURT: Do you remember at your plea I asked you if your lawyer had gone over everything with you? I asked you if he talked with you about any potential defenses, what the State would have to prove. Do you remember that?

THE WITNESS: Yes, ma'am.

THE COURT: And you told me yes; correct?

THE WITNESS: Yes.

THE COURT: I also went over with you the fact that I would be deciding the sentence and nobody had promised you anything. Do you remember that?

THE WITNESS: Yes, ma'am.

THE COURT: And you said nobody promised you anything.

Do you remember that?

THE WITNESS: Yes.

THE COURT: Do you remember me asking you if anyone, including your attorney, had promised you that you would be sentenced to community control sanctions and would not receive a prison sentence? And you said nobody promised you that.

THE WITNESS: Right.

THE COURT: Do you remember that?

THE WITNESS: Yes, ma'am.

THE COURT: So what you're telling me is you weren't telling me the truth then and you're telling me the truth now. Is that what you're telling me?

THE WITNESS: Yes.

(Tr. 64-65.)

**{¶25}** The foregoing supports the trial court's finding that Cohen lacked credibility and its conclusion that Cohen was never promised probation by his trial counsel. The record supports the trial court's assessment that Cohen simply had a change of heart after learning of the anticipated sentence.

**{¶26}** Accordingly, Cohen's first and second assignments of error are without merit.

**{¶27}** The judgment of the trial court is hereby affirmed.

DONOVAN and FROELICH, JJ., concur.

(Hon. Gene Donofrio, Seventh District Court of Appeals, sitting by assignment of the Chief Justice of the Supreme Court of Ohio).

Copies mailed to:

Mathias H. Heck
Michele D. Phipps
J. Allen Wilmes
Hon. Mary K. Huffman