**[Cite as *State v. Meek*, 2021-Ohio-2535.]**

**IN THE COURT OF APPEALS OF OHIO**
**SECOND APPELLATE DISTRICT**
**MIAMI COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | Appellate Case No. 2020-CA-17 |
| | : | |
| v. | : | Trial Court Case Nos. 2019-CR-485 & |
| | : | 2020-CR-193 |
| ROBERT L. MEEK, JR. | : | |
| | : | (Criminal Appeal from |
| Defendant-Appellant | : | Common Pleas Court) |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 23rd day of July, 2021.

. . . . . . . . . . .

ANTHONY E. KENDELL, Atty. Reg. No. 0067242, Miami County Prosecutor's Office, Appellate Division, Safety Building, 201 West Main Street, Troy, Ohio 45371
    Attorney for Plaintiff-Appellee

P.J. CONBOY, II, Atty. Reg. No. 0070073, 5613 Brandt Pike, Huber Heights, Ohio 45424
    Attorney for Defendant-Appellant

. . . . . . . . . . . . .

DONOVAN, J.

{¶ 1} Defendant-appellant Robert L. Meek, Jr., appeals from his conviction for one count of aggravated possession of drugs, in violation of R.C. 2925.11(A)/(C)(1)(c), a felony of the second degree; one count of possession of drugs, in violation of R.C. 2925.11(A)/(C)(4)(a), a felony of the fifth degree; and one count of possession of a fentanyl related compound, in violation of 2925.11(A)/(C)(11)(a), a felony of the fifth degree.   Meek filed a timely notice of appeal on December 2, 2020.

{¶ 2} On October 9, 2019, Meek was indicted for one count of aggravated possession of drugs and one count of possession of drugs in Miami C.P. No. 2019-CR-485.   On May 28, 2020, Meek was charged by bill of information with one count of possession of a fentanyl related compound in Miami C.P. No. 2020-CR-193.

{¶ 3} On May 28, 2020, Meek pled guilty to the charged offenses in both cases. The State agreed to remain silent at sentencing but did recommend that Meek's sentences be served concurrently to one another.   On June 22, 2020, prior to his sentencing hearing, Meek filed a motion to withdraw his guilty pleas, and on July 29, 2020, he filed an amended motion to withdraw his guilty pleas.   The trial court held a hearing on the motion on September 3, 2020.   On September 23, 2020, the trial court overruled Meek's motion to withdraw his guilty pleas.

{¶ 4} On November 4, 2020, Meek was sentenced in Case No. 2019-CR-485 to four to six years in prison for aggravated possession of drugs and to six months for possession of drugs; in Case No. 2020-CR-193, he was sentenced to 12 months in prison for possession of a fentanyl related compound.   The trial court ordered Meek's sentences in both cases to be served concurrently for an aggregate sentence of four to six years in

prison.

{¶ 5} It is from this judgment that Meek now appeals.

{¶ 6} Meek's sole assignment of error is as follows:

TRIAL COURT ABUSED ITS DISCRETION IN DENYING APPELLANT'S

MOTION TO WITHDRAW HIS GUILTY PLEAS.

{¶ 7} Meek contends that the trial court erred when it overruled his motion to withdraw his guilty pleas because its decision was "arbitrary and unreasonable." Appellant's Brief, p. 3. Specifically, Meek argues that he was misled by his attorney and confused at the plea hearing regarding the sentence he would receive by pleading guilty to aggravated possession of drugs, a felony of the second degree, which required the trial court to sentence him to an indefinite term of incarceration.

{¶ 8} As this Court has previously noted:

* * * Crim.R. 32.1 provides: "A motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct a manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea." Under the foregoing rule, a pre-sentence motion to vacate a guilty plea "should be freely and liberally granted." *State v. Xie*, 62 Ohio St.3d 521, 527, 584 N.E.2d 715 (1992). Nevertheless, even under the pre-sentence standard, the right to withdraw a plea is not absolute and a trial court retains discretion to overrule a pre-sentence plea-withdrawal motion. *Id.* The pre-sentence standard, however, is far more lenient than the "manifest injustice" standard applicable to post-sentence motions. *State v. Fugate,* 2d Dist. Montgomery

No. 21574, 2007-Ohio-26, ¶ 10.

* * *

But even under the more lenient pre-sentence standard, "a defendant must show a reasonable and legitimate basis for the withdrawal of the plea." * * * "A change of heart is not enough," and a trial court's finding regarding a defendant's true motivation is entitled to deference. * * * Likewise, a trial court's ultimate decision to grant or deny a pre-sentence motion to withdraw a guilty plea is subject to review for an abuse of discretion. *Fugate* at ¶ 10.

*State v. Simpson*, 2d Dist. Montgomery No. 24266, 2011-Ohio-6181, ¶ 7, 10.

{¶ 9} "Abuse of discretion" has been defined as an attitude that is unreasonable, arbitrary, or unconscionable. *Huffman v. Hair Surgeons*, Inc., 19 Ohio St.3d 83, 87, 482 N.E.2d 1248 (1985). A decision is unreasonable if there is no sound reasoning process that would support that decision. *AAAA Ents., Inc. v. River Place Community Urban Redevelopment Cor*p., 50 Ohio St.3d 157, 553 N.E.2d 597 (1990); *Feldmiller v. Feldmiller*, 2d Dist. Montgomery No. 24989, 2012-Ohio-4621, ¶ 7.

{¶ 10} In evaluating whether a trial court has abused its discretion in overruling a pre-sentence motion to withdraw a plea, this court considers the following nine factors set forth in *State v. Fish*, 104 Ohio App.3d 236, 240, 661 N.E.2d 788 (1st Dist.1995), *overruled on other grounds, State v. Sims*, 2017-Ohio-8379, 99 N.E.3d 1056 (1st Dist.):

"(1) whether the accused is represented by highly competent counsel, (2) whether the accused was given a full Crim.R. 11 hearing before entering the plea, (3) whether a full hearing was held on the motion, (4) whether the

trial court gave full and fair consideration to the motion, (5) whether the motion was made within a reasonable time, (6) whether the motion sets out specific reasons for the withdrawal, (7) whether the accused understood the nature of the charges and possible penalties, (8) whether the accused was perhaps not guilty of or had a complete defense to the charge or charges, and (9) whether the state is prejudiced by withdrawal of the plea."

*State v. Warrix*, 2d Dist. Montgomery No. 26556, 2015-Ohio-5390, ¶ 29, quoting *State v. Massey*, 2d Dist. Champaign No. 2015-CA-1, 2015-Ohio-4711, ¶ 11.

{¶ 11} Under the more lenient pre-sentence standard, a defendant must show "there is a reasonable and legitimate basis for the withdrawal of the plea." *Xie*, 62 Ohio St.3d 521, 584 N.E.2d 715, at paragraph one of the syllabus. A trial court that denies a pre-sentence motion to withdraw a guilty plea does not abuse its discretion where the only reason given by the defendant is a change of heart. *State v. Cohen*, 2d Dist. Montgomery No. 25376, 2013-Ohio-2928, ¶ 15; *State v. Thomas*, 2d Dist. Greene No. 2006 CA 57, 2007-Ohio-443, ¶ 11.

{¶ 12} As previously stated, Meek argues that the trial court abused its discretion when it overruled his motion to withdraw his guilty pleas because he was confused with respect to the indefinite nature of the sentence he would receive by pleading guilty to aggravated possession of drugs. Meek's argument in this regard, however, is undermined by the record. At Meek's change of plea hearing, the following exchange occurred while the trial court was discussing Meek's guilty plea in Case No. 2020-CA-193:

TRIAL COURT: You know what most people don't understand that, so

you're in the same boat as everybody, but I'm going to do my best to explain it to you on common terms. I'll give you some legal language, but then I'll break it down to what it really means.

MEEK: I appreciate that.

* * *

TRIAL COURT: Okay. Have you had enough time to speak to your lawyer today about entering the plea?

MEEK: Yes, ma'am.

TRIAL COURT: Has he been able to answer all of your questions?

MEEK: Yes.

TRIAL COURT: Are you satisfied with his legal advice in order to enter a plea?

MEEK: *Definitely*.

TRIAL COURT: And you have seen the Information presented here today for Possession of a Fentanyl-Related Compound?

MEEK: Yes, ma'am.

TRIAL COURT: Do you have any questions about that.

MEEK: I do not.

(Emphasis added.) Change of Plea Transcript, p. 3, 12-13.

{¶ 13} Thereafter, the following exchange occurred regarding the imposition of post-release control in Case No. 2020-CR-193:

TRIAL COURT: Post-release control, again, is discretionary in this case up to three years by the Adult Probation Authority. If you violate their terms

and conditions, they can send you back to prison for up to nine months or up to fifty percent of your prison sentence for all violations. Do you understand that?

MEEK: Yes, ma'am.

TRIAL COURT: If you are on post-release control and you are convicted of a new felony, in addition to the sentences of the new felony, the court could impose an additional one year consecutive sentence or the balance of time on your post-release control term, whichever is great as a maximum. So what that means is if you – let's say Montgomery County happens after you are released and are on post-release control, you get a new conviction in Montgomery County, you would get a sentence there, but then the judge would have the ability to say I'm going to give you an extra year because you've now been on post-release control. Does that make sense?

MEEK: An extra year of post-release control or an extra year that –

TRIAL COURT: Extra year of prison. It would be an added sentence. So it would be in addition to whatever sentence you're receiving on that new felony. It doesn't apply to community control. It's only post-release control.

MEEK: Okay.

TRIAL COURT: Understand?

MEEK: Yes, ma'am.

*Id.* at 14-15.

{¶ 14} Lastly, in regards to Meek's guilty plea in Case No. 2020-CR-193, the

following exchange occurred:

TRIAL COURT: * * * In order to enter your guilty plea, you must also understand that guilty means you make a complete admission of all of the facts alleged in that Information. Do you understand that?

MEEK: I do.

TRIAL COURT: And do you understand by entering a guilty plea, you waive any right to have filed a pretrial motion?

MEEK: Yes, ma'am.

TRIAL COURT: Do you have any questions about anything at this point?

MEEK: I do not.

TRIAL COURT: Do you want any additional time to speak to your lawyer?

MEEK: I – I'm – I'm good.

TRIAL COURT: Okay. And at this time, what plea did you want to enter to that one count of Possession of a Fentanyl-Related Compound?

MEEK: A guilty plea.

TRIAL COURT: And do you do that of your own free will and voluntarily?

MEEK: I do.

TRIAL COURT: The court finds that you have made a knowing, intelligent, and voluntary decision to enter a guilty plea to the Information. The court also finds you've been informed of all of your constitutional rights, you understand that [sic] nature of the charge against you, the possible penalties, and the effect of a guilty plea.

MEEK: Yes, ma'am.

*Id.* at 17-19.

{¶ 15} After accepting Meek's guilty plea in Case No. 2020-CR-193, the trial court then moved on to Meek's guilty pleas in Case No. 2019-CR-485, and the following exchange occurred:

TRIAL COURT: And in this particular case, did you have enough time to speak to your lawyer about entering a plea?

MEEK: Yes, ma'am.

TRIAL COURT: Was he able to answer all of your questions?

MEEK: Yes, ma'am.

TRIAL COURT: Are you satisfied with his legal advice to enter a plea?

MEEK: I am, yes.

* * *

TRIAL COURT: This is the part that's complicated. So just, again ask questions if you don't understand, but it's very long and it requires a lot of explanation. And that is for count one (aggravated possession of drugs), it is a felony of the second degree. So do you understand that that offense carries a mandatory prison term?

MEEK: I do.

TRIAL COURT: *Do you understand that the offense carries an indefinite sentence, meaning you will receive both a minimum and a maximum term?*

MEEK: *I do.*

TRIAL COURT: *Do you understand that the minimum term is selected from the penalty range of two to eight years by the court?*

MEEK: *Yes, ma'am.*

TRIAL COURT: *Now here's the part that I need to explain it, because it's easy to say yes, I understand that, but this is how it works, because it's really a mathematical calculation. So you will receive two numbers. I will give you a minimum sentence and a maximum sentence. The minimum on a felony of the second [degree] is two years, but if for some reason, an eight year sentence is imposed, the way you get to a maximum sentence is you take fifty percent of the minimum that I give you. So if I give you eight years, you add fifty percent, now the maximum becomes twelve. So you would have a minimum of eight and a maximum of twelve. Does that make sense?*

MEEK: *Yes, ma'am.*

TRIAL COURT: So I don't want you to think is [sic] automatically two. Does that – are you – do you understand that?

MEEK: I do.

TRIAL COURT: Okay. And do you understand that regardless of the number selected as the minimum, the maximum term automatically becomes fifty percent of that?

MEEK: Yes, ma'am.

TRIAL COURT: And do understand that the minimum term would be the mandatory term?

MEEK: Yes, ma'am.

TRIAL COURT: *Do you understand that the maximum term you are facing*

*on count one is twelve years?*

MEEK: *I do.*

* * *

TRIAL COURT: *And do you understand that the longest minimum term, I told you the longest maximum term is twelve years, but do you understand the longest minimum term is eight years?*

MEEK: *Yes, ma'am.*

* * *

DEFENSE COUNSEL (addressing Meek): *Do you understand how all of that works? Yeah. Essentially, you're going to get a minimum term and whatever that term is – whatever she gives you, it runs two to eight, one of those numbers. Once you get done it's presumed that they're going to release you at the end of that. Then it's up to them to decide. If they don't, if they think you have not complied or done something wrong, then they can have another hearing, not in front of this judge, but to determine whether or not the extra time goes on. Got it?*

MEEK: So you're saying that if I'm – if I'm given three and a half –

DEFENSE COUNSEL: Let's say she gives you –

MEEK: -- three and a half or –

DEFENSE COUNSEL: Let's say – let's say she gives a three year sentence, so your sentence at that point is three to four and a half, right? At the end of three, you're presumed, assuming she runs this all concurrent, at the end of three you're presumed that you've served your sentence. They can

have a hearing over at the Ohio Department of Rehabilitation and Correction to try to see whether you should stay the extra year and a half or some portion of that, largely depending upon what's been going on since you've been in.

MEEK: Right.

DEFENSE COUNSEL: Do you understand all of that? That's what she's trying to say.

MEEK: Yes. I – I – I'm aware of that.

* * *

TRIAL COURT: *Do you have any questions about how that sentencing works with a minimum term and a maximum term?*

MEEK: *I do not.*

* * *

TRIAL COURT: *I know I've asked you a million times if you understand everything, but it's really critical in this case because the sentencing terminology is different and it's very unique. It just went into effect for cases after March 9 of 2019. So I just want to give you one more opportunity to ask any questions about that that you may have?*

MEEK: *I have no questions.*

TRIAL COURT: *And do you want any additional time to speak to your lawyer?*

MEEK: *I do not.*

(Emphasis added.) *Id.* at p. 21-37.

{¶ 16} We also note that the record establishes that Meek acknowledged that he signed the plea form in Case No. 2019-CR-485 which states:

I understand that I am pleading to an offense, Count I Aggravated Possession of Drugs, which carries an INDEFINITE SENTENCE under Senate Bill 201. This means that I will receive a minimum and a maximum prison term. I am NOT eligible for judicial release prior to the expiration of the minimum term. The offense carries mandatory prison and 3 years of mandatory Post Release Control. I understand that the Court will select the minimum term from a range of 2-8 years. I understand the maximum term is automatically the minimum term plus 50%. I understand the maximum penalty I could face is 12 years. The maximum fine possible is $15,000, of which $7,500 is mandatory.

{¶ 17} Here, the trial court thoroughly complied with the provisions of Crim.R. 11(C)(2) during the plea hearing. Meek indicated that he was satisfied with his representation and had sufficient time to discuss the matter with his lawyer. Meek stated that he was "college educated" but did not have a bachelor's degree. Meek acknowledged that he had not been threatened or promised anything other than the terms of the plea agreement in exchange for his guilty pleas. Meek stated he was not under the influence of drugs or alcohol. Meek did not indicate to the court that he was under any emotional stress. Meek indicated that his plea was voluntary and acknowledged that he understood the nature of the charges against him. The trial court explained the maximum penalties, judicial release, and post release control. The court thoroughly explained the rights Meek waived by entering a guilty plea. Meek acknowledged all of

his rights, indicated that he understood them, and signed the plea forms.

{¶ 18} Upon review of the record, we find no error in the trial court's ruling. Meek was given a complete and impartial hearing regarding the withdrawal of his pleas, and he was given ample opportunity to explain his reasons for seeking withdrawal. Meek's testimony, however, as the trial court found, revealed only a change of heart. The court provided Meek a hearing on his motion to withdraw his pleas and listened to his lengthy testimony regarding his state of mind during and after the plea hearing. The record also reflects that Meek was represented by highly competent counsel at the plea hearing. There is no evidence in the record to support Meek's argument that he was misled by his attorney at the plea hearing or that he was confused regarding the sentence he would receive by pleading guilty to aggravated possession of drugs, a felony of the second degree, which required the trial court to sentence him to an indefinite term of incarceration.

{¶ 19} Simply put, there is no indication from the record that Meek's decision to file a motion to withdraw his pleas was anything other than a mere "change of heart," which was not a sufficient basis upon which to withdraw his guilty pleas. Under these circumstances, the trial court did not abuse its discretion in denying Meek's motion to withdraw his guilty pleas.

{¶ 20} Meek's sole assignment of error is overruled.

{¶ 21} The judgment of the trial court is affirmed.

. . . . . . . . . . . . .

WELBAUM, J. and EPLEY, J., concur.

Copies sent to:

Anthony Kendell
P.J. Conboy, II
Stacy M. Wall