[Cite as *State v. Carter*, 2022-Ohio-543.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
CLARK COUNTY

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | Appellate Case No. 2021-CA-29 |
| | : | |
| v. | : | Trial Court Case No. 2019-CR-350 |
| | : | |
| WARREN D. CARTER | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 25th day of February, 2022.

. . . . . . . . . . .

IAN A. RICHARDSON, Atty. Reg. No. 0100124, Assistant Prosecuting Attorney, Clark County Prosecutor's Office, Appellate Division, 50 East Columbia Street, Suite 449, Springfield, Ohio 45502
        Attorney for Plaintiff-Appellee

GLENDA A. SMITH, Atty. Reg. No. 0070738, P.O. Box 15353, Wyoming, Ohio 45215
        Attorney for Defendant-Appellant

. . . . . . . . . . . .

DONOVAN, J.

**{¶ 1}** Defendant-appellant Warren D. Carter appeals his conviction for one count of possession of cocaine, in violation of R.C. 2925.11(A), a felony of the fifth degree. Carter filed a timely notice of appeal on May 20, 2021.

**{¶ 2}** On June 17, 2019, Carter was indicted for one count of possession of cocaine, a felony of the fifth degree, in Clark C.P. No. 2019-CR-350. The record establishes that Carter had previously pled guilty to possession of cocaine in Clark C.P. No. 2017-CR-702 and to receiving stolen property in Clark C.P. No. 2018-CR-355, for which he was serving three years of community control at the time of his indictment in this case. On October 29, 2019, Carter pled guilty to possession of cocaine in Case No. 2019-CR-350. Carter failed to appear at his sentencing hearing on December 11, 2019, and the trial court issued a capias for his arrest. Carter was eventually arrested and taken into custody on January 8, 2021.

**{¶ 3}** On February 11, 2021, Carter filed a pro se motion to withdraw his guilty plea in each of the three cases.[1] The State filed its response to Carter's motion on February 23, 2021. On March 10, 2021, the trial court held a hearing on Carter's motion to withdraw his guilty plea. On May 4, 2021, the trial court overruled Carter's motion to withdraw his guilty plea, finding that Carter had suffered a mere change of heart.

**{¶ 4}** Also on May 4, 2021, Carter filed a motion to "Enter Not Guilty Plea," which the trial court denied. The trial court then proceeded to sentencing later in the afternoon on the same day. After Carter admitted to violating the terms of his community control

---

[1] Carter only filed a notice of appeal with respect to the trial court's decision in Case No. 2019-CR-350, and we will address his arguments only as they relate to that case.

in Case Nos. 2017-CR-702 and 2018-CR-355, the trial court sentenced him as follows: 1) ten months in Case No. 2017-CR-702; 2) 15 months in Case No. 2018-CR-355; and ten months in Case No. 2019-CR-350. The trial court ordered the sentences to be served consecutively for an aggregate term of 35 months in prison.

{¶ 5} Carter now appeals from his conviction in Case No. 2019-CR-350.

{¶ 6} Carter's first assignment of error is as follows:

THE TRIAL COURT ERRED IN NOT COMPLYING WITH THE PURPOSES

OF FELONY SENTENCING.

In his first assignment, Carter contends that the trial court erred in its analysis of the sentencing factors set forth in R.C. 2929.11. On that basis, Carter argues that his sentence should be modified.

{¶ 7} To the extent that Carter seeks to have this Court modify his sentence, we emphasize that the Supreme Court of Ohio clarified an appellate court's review of a felony sentence under R.C. 2953.08(G)(2) in *State v. Jones*, 163 Ohio.St.3d 242, 2020-Ohio-6729, 169 N.E.3d 649, ¶ 39. The Supreme Court determined that R.C. 2953.08(G)(2)(a) "clearly does not provide a basis for an appellate court to modify or vacate a sentence if it concludes that the record does not support the sentence under R.C. 2929.11 and R.C. 2929.12 because * * * R.C. 2929.11 and R.C. 2929.12 are not among the statutes listed in the provision." *Id.* at ¶ 31. Thus, the Supreme Court concluded that an appellate court may not modify or vacate a felony sentence based upon a finding by clear and convincing evidence that the record does not support the trial court's "findings" under R.C. 2929.11 and R.C. 2929.12. *Id.* at ¶ 42 ("Nothing in R.C. 2953.08(G)(2) permits an appellate court to independently weigh the evidence in the record and substitute its judgment for that of

the trial court concerning the sentence that best reflects compliance with R.C. 2929.11 and 2929.12.").

{¶ 8} In *Jones,* the Supreme Court also confirmed that R.C. 2953.08(G)(2)(b) does not provide a mechanism for an appellate court to modify or vacate a felony sentence based upon a finding that the sentence is "contrary to law" because it clearly and convincingly is not supported by the record under R.C. 2929.11 and R.C. 2929.12. *Id.* at ¶ 32-39. "As a result of the Supreme Court's holding in *Jones,* when reviewing felony sentences that are imposed solely after considering the factors in R.C. 2929.11 and R.C. 2929.12, we shall no longer analyze whether those sentences are unsupported by the record. We simply must determine whether those sentences are contrary to law." *State v. Dorsey*, 2d Dist. Montgomery No. 28747, 2021-Ohio-76, ¶ 18. "A sentence is contrary to law when it does not fall within the statutory range for the offense or if the trial court fails to consider the purposes and principles of felony sentencing set forth in R.C. 2929.11 and the sentencing factors set forth in R.C. 2929.12." *Id.*, citing *State v. Brown*, 2017-Ohio 8416, 99 N.E.3d 1135 (2d Dist.).

{¶ 9} The record demonstrates that the prison terms imposed by the trial court in this case were within the statutory range and that the trial court specifically considered the statutory factors in R.C. 2929.11 and R.C. 2929.12 when it fashioned Carter's aggregate sentence. Specifically, the trial court stated that Carter "does have a history of criminal convictions, has not responded favorably to sanctions previously imposed for those sanctions. He's demonstrated a pattern of drug or alcohol abuse; but there had been an opportunity given by the Court in the past to try and get treatment for that, such as West Central, and he has rejected that." Disposition Tr. 13. Thus, Carter cannot

demonstrate that his sentence was clearly and convincingly contrary to law, and his sentence must be affirmed. *See State v. Burks*, 2d Dist. Clark No. 2019-CA-70, 2021-Ohio-224, ¶ 9. Under *Jones*, this ends the inquiry regarding the individual and aggregate sentences.

{¶ 10} Carter's first assignment of error is overruled.

{¶ 11} Carter's second assignment of error is as follows:

THE TRIAL COURT ERRED IN NOT ALLOWING CARTER TO WITHDRAW HIS PLEA BEFORE SENTENCING.

In his second assignment, Carter argues that the trial court erred when it overruled his presentence motion to withdraw his guilty plea. Specifically, Carter contends that his counsel was ineffective for waiving time without his consent, for not filing a motion to get the drug evidence retested, and for not filing a motion for a new bond arrangement for Carter. Carter also argues that he was coerced by his attorney to enter guilty pleas to the charged offenses.

{¶ 12} As this Court has previously noted:

* * * Crim.R. 32.1 provides: "A motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct a manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea." Under the foregoing rule, a pre-sentence motion to vacate a guilty plea "should be freely and liberally granted." *State v. Xie*, 62 Ohio St.3d 521, 527, 584 N.E.2d 715 (1992). Nevertheless, even under the pre-sentence standard, the right to withdraw a plea is not absolute and a trial court retains discretion

to overrule a pre-sentence plea-withdrawal motion. *Id.* The pre-sentence standard, however, is far more lenient than the "manifest injustice" standard applicable to post-sentence motions. *State v. Fugate,* 2d Dist. Montgomery No. 21574, 2007-Ohio-26, ¶ 10.

* * *

But even under the more lenient pre-sentence standard, "a defendant must show a reasonable and legitimate basis for the withdrawal of the plea." * * * "A change of heart is not enough," and a trial court's finding regarding a defendant's true motivation is entitled to deference. * * * Likewise, a trial court's ultimate decision to grant or deny a pre-sentence motion to withdraw a guilty plea is subject to review for an abuse of discretion. *Fugate* at ¶ 10.

*State v. Simpson*, 2d Dist. Montgomery No. 24266, 2011-Ohio-6181, ¶ 7, 10.

{¶ 13} "Abuse of discretion" has been defined as an attitude that is unreasonable, arbitrary, or unconscionable. *Huffman v. Hair Surgeons*, Inc., 19 Ohio St.3d 83, 87, 482 N.E.2d 1248 (1985). A decision is unreasonable if there is no sound reasoning process that would support that decision. *AAAA Ents., Inc. v. River Place Community Urban Redevelopment Corp.*, 50 Ohio St.3d 157, 553 N.E.2d 597 (1990); *Feldmiller v. Feldmiller*, 2d Dist. Montgomery No. 24989, 2012-Ohio-4621, ¶ 7.

{¶ 14} In evaluating whether a trial court has abused its discretion in overruling a pre-sentence motion to withdraw a plea, this court considers the following nine factors set forth in *State v. Fish*, 104 Ohio App.3d 236, 240, 661 N.E.2d 788 (1st Dist.1995), *overruled on other grounds, State v. Sims*, 2017-Ohio-8379, 99 N.E.3d 1056 (1st Dist.):

"(1) whether the accused is represented by highly competent counsel, (2) whether the accused was given a full Crim.R. 11 hearing before entering the plea, (3) whether a full hearing was held on the motion, (4) whether the trial court gave full and fair consideration to the motion, (5) whether the motion was made within a reasonable time, (6) whether the motion sets out specific reasons for the withdrawal, (7) whether the accused understood the nature of the charges and possible penalties, (8) whether the accused was perhaps not guilty of or had a complete defense to the charge or charges, and (9) whether the state is prejudiced by withdrawal of the plea."

*State v. Warrix*, 2d Dist. Montgomery No. 26556, 2015-Ohio-5390, ¶ 29, quoting *State v. Massey*, 2d Dist. Champaign No. 2015-CA-1, 2015-Ohio-4711, ¶ 11.

{¶ 15} Under the more lenient pre-sentence standard, a defendant must show "there is a reasonable and legitimate basis for the withdrawal of the plea." *Xie*, 62 Ohio St.3d 521, 584 N.E.2d 715, at paragraph one of the syllabus. A trial court that denies a pre-sentence motion to withdraw a guilty plea does not abuse its discretion where the only reason given by the defendant is a change of heart. *State v. Cohen*, 2d Dist. Montgomery No. 25376, 2013-Ohio-2928, ¶ 15; *State v. Thomas*, 2d Dist. Greene No. 2006-CA-57, 2007-Ohio-443, ¶ 11.

{¶ 16} Here, the trial court thoroughly complied with the provisions of Crim.R. 11(C)(2) during the plea hearing. Carter indicated that he was satisfied with his representation and had had sufficient time to discuss the matter with his lawyer. Carter stated that he had an associate's degree in computer programming from Clark State Community College. Carter acknowledged that he had not been threatened or promised

anything other than the terms of the plea agreement in exchange for his guilty plea. Carter stated he was not under the influence of drugs or alcohol. Carter did not indicate to the court that he was under any emotional stress. Carter indicated that his plea was voluntary and acknowledged that he understood the nature of the charge against him. The trial court explained the maximum penalties, judicial release, and post-release control. The trial court thoroughly explained the rights Carter waived by entering a guilty plea. Carter acknowledged all of his rights, indicated that he understood them, and signed the plea form.

{¶ 17} Upon review of the record, we find no error in the trial court's ruling. Carter was given a complete and impartial hearing regarding the withdrawal of his plea, and he was given ample opportunity to explain his reasons for seeking withdrawal. Carter's testimony, however, revealed only a change of heart, as the trial court found. The trial court provided Carter a hearing on his motion to withdraw his plea and listened to his testimony regarding his state of mind during and after the plea hearing. The record also reflects that Carter was represented by highly competent counsel at the plea hearing. There is no evidence in the record to support Carter's argument that he was misled by his attorney at the plea hearing. Significantly, the record also establishes that, contrary to his assertions, Carter's trial counsel *did* file motions with the trial court regarding revoking the time waiver, having the drug evidence retested, and changing Carter's bond arrangement. Accordingly, Carter's claims regarding his trial counsel's alleged ineffectiveness are without merit.

{¶ 18} Simply put, there is no indication from the record that Carter's decision to file a motion to withdraw his pleas was anything other than a mere "change of heart,"

which was not a sufficient basis upon which to withdraw his guilty plea. *See State v. Meeks*, 2d Dist. Miami No. 2020-CA-17, 2021-Ohio-2535, ¶ 19. Under these circumstances, the trial court did not abuse its discretion in denying Carter's motion to withdraw his guilty plea.

{¶ 19} Carter's second assignment of error is overruled.

{¶ 20} The judgment of the trial court is affirmed.

. . . . . . . . . . . . .

WELBAUM, J. and EPLEY, J., concur.

Copies sent to:

Ian A. Richardson
Glenda A. Smith
Hon. Richard J. O'Neill